No. 13,540.

ANDIS v. RICHIE.

NEW TRIAL.—*Newly Discovered Evidence.*—*Change of Result.*—There is no available error in refusing a new trial on the ground of newly discovered evidence where the new evidence is not of such a character as would probably change the result on another trial.

SAME.—*Amendment of Application.*—*Materiality of Evidence.*—While it seems that an application for a new trial may be amended at a subsequent term by inserting additional affidavits, a refusal to allow the amendment is only available where the new evidence is material.

From the Hancock Circuit Court.

*J. A. New, A. M. New, J. W. Jones* and *R. Williamson,* for appellant.

*C. G. Offutt,* for appellee.

MITCHELL, J.—There was judgment in the court below against Andis, in an action of replevin brought by him against Richie, to recover the possession of a horse which the former charged that the latter unlawfully detained from him. The only question presented on this appeal involves the correctness of the ruling of the court in overruling a motion for a new trial, which was asked on the ground of newly discovered evidence.

The parties were at variance in their testimony, the plaintiff asserting that he had loaned the horse to Richie, while the latter testified that he had purchased the animal from Andis, and had agreed to pay a stipulated price, in clearing land for the plaintiff; that he had entered upon the work, and was ready to complete it within the time agreed upon. After the trial the plaintiff produced an affidavit in which the affiant deposed, that some time prior to the first trial he inquired of the defendant whether he had purchased the horse in controversy, to which the latter responded in the

negative, adding that he was only breaking him for the plaintiff.

It also appears in the bill of exceptions that a witness, called by the plaintiff, testified at the trial that the defendant told him that he was breaking the horse for Andis.

Before this court would feel warranted in reversing a judgment for refusing a new trial on the ground of newly discovered evidence, it must be made to appear that the newly discovered evidence is of such a character as to render it probable that a different result would be produced if a second trial were had. This does not seem at all probable in the present case. The newly discovered evidence is not so essentially different from other evidence given at the trial as to make it of a controlling character. It is of the same kind and to the same point as other evidence already in the record, and assuming that the application shows that due diligence was used, the evidence proposed is in its nature merely cumulative, and is not of sufficient materiality to justify a reversal of the judgment.

After the motion for a new trial had been made, and after it had been pending over one term of court, the plaintiff asked leave to amend the application by inserting the affidavits of other witnesses, in which were set forth other facts which they would testify to. Leave to amend was refused. We are inclined to the opinion, that if pending a motion for a new trial it should be made to appear that the moving party had discovered other material evidence, not embraced in his original motion, and that he had not been lacking in diligence, it would be an abuse of discretion to refuse permission to amend. But the other newly discovered evidence in the present case was probably deemed immaterial. The court might well have so considered it. There was no error.

Judgment affirmed, with costs.

Filed June 28, 1889; petition for a rehearing overruled Sept. 27, 1889.