DOUG KIRKLAND, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion filed Dec. 21, 1915.

1. An objection made to an entire statement of a witness, a part of which statement is admissible, is properly overruled.

2. An objection to evidence will not be considered where the record shows no exception to the court's ruling.

3. Motions for new trials in criminal cases are required by Section 1608 of the General Statutes of 1906 to be made within four days after the verdict shall have been rendered and during the same term.

4. In extraordinary cases to be judged of by the trial court in its discretion a motion for a new trial may be amended after the expiration of the four days after rendition of the verdict and before hearing on the original motion to correct some flagrant error in the trial, and the refusal of a trial court to permit an amendment of a motion for a new trial under such circumstances will not be reversed unless the record discloses a palpable abuse of discretion on the part of the trial judge.

Writ of Error to Circuit Court, Jackson County; D. J. Jones, Judge.

Judgment affirmed.

*Amos E. Lewis* and *Will H. Price,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

ELLIS, J.—The plaintiff in error, Doug Kirkland, was indicted for the murder of Mary Jane Sutton. Upon the trial he was convicted of manslaughter and sentenced to five years imprisonment at hard labor in the State Prison. Being dissatisfied with the judgment, he comes here upon writ of error.

Sometime in November, 1913, about seven or eight o'clock one night Doug Kirkland went to the Sutton home armed with a shotgun; he entered the house

through the back entrance, advanced to the door of the room in which Mrs. Sutton was standing and shot her. From the wounds inflicted Mrs. Sutton died the next morning. At the time this transaction occurred, Andrew Sutton, the husband, and one of the boys, Booker, were in the "crib," a small house near the dwelling, to draw some syrup; the two girls, Ola and Dinah, had just gone out of the house when Kirkland entered, and were both standing near the rear entrance looking into the house at Kirkland. Dave Sutton, a son, was in the field near the house "possum" hunting. George Sutton, another one of the boys, was in the yard. The last named had a gun. Dave had called to his brothers to brink an axe and some fire that he had "treed;" they had gone with these essentials at the call of their brother, and George picking up the gun was on his way also. About this time Kirkland entered the house, shot the mother of this household and left the house by the front door. He had not proceeded very far before he met George, who hearing the shot in the house, turned back, and seeing Kirkland leaving the house, shot him, wounding him in the head.

The first and second assignments of error rest upon the court's refusal to strike out, upon the defendant's motion, contain statements of a witness named Annie Bryant, who testified to certain dying declarations of the deceased. The bill of exceptions shows the following transaction: Annie Bryant, testifying on re-direct examination: "After she told me she was going to die, she made a statement as to how she was shot and who shot her. She said that Doug shot her, said when he walked in the house, said 'I was standing with my hands behind my back,' said she didn't believe he was going to shoot her, said 'I hadn't done anything to him and I did not know

he had that much against me to shoot me, because I hadn't been in speaking distance of him for a year or more,' said 'I don't see why he should shoot me.'

Mr. Price: I move to strike out that statement of the witness that the deceased said, 'I don't see why he should shoot me', that is merely an opinion of the deceased, and not a statement of the facts.

By the Court: I think the witness can testify to any dying declaration that the deceased could testify to herself.

Mr. Price: So as to get it in the record, if the Court please, I move to strike all that portion of her statement, with the exception that she said she was standing before the fireplace with her hands behind her back and Doug came in and shot her, and move to strike out that portion in which she said she didn't see why he shot her, that she hadn't been in speaking distance of him for more than a year, as being hearsay testimony and not admissible.

By the Court: The motion will be denied. I think it would go to show that she was not the aggressor, if not for anything else.

Mr. Price: Your Honor will note an exception."

The objection which was raised to the testimony of the witness as preserved by counsel's exception was: that the "testimony was hearsay and not admissible." That is to say the testimony was not admissible because it was hearsay. All testimony as to dying declarations is hearsay testimony and is admitted as an exception to the rule excluding that kind of evidence. So the objection here presented is: That the declaration of the deceased that "she didn't see why he shot her, that she hadn't been in speaking distance of him for more than a year", does not come within the exception. Even if an opinion of the

declarant was not admissible, it could not be maintained that the words, "hadn't been in speaking distance of him for more than a year", were amendable to that criticism. Those words constituted a statement of fact most material in character. The defense was self defense. The words were clearly admissible, as the trial judge said, to show that the deceased was not the aggressor. The objection to the entire statement or declaration, part of which was admissible, was properly overruled. See Anthony v. State, 44 Fla. 1, 32 South. Rep. 818; Richard v. State, 42 Fla. 528, 29 South. Rep. 413; Freeman v. State, 50 Fla. 38, 39 South. Rep. 785; Higginbotham v. State, 42 Fla. 573, 29 South. Rep. 410; Johnson v. Rhodes, 62 Fla. 220, 56 South. Rep. 439. The first objection seemed to have been merged into the second, and the entire transaction as quoted above from the bill of exceptions, the two assignments are based. The record does not show that the first objection was followed by an exception to the court's ruling. It seemed to be the purpose of counsel to merge the first into the second objection. The first objection should not be considered because standing alone it shows no exception to the court's ruling. Upchurch v. Mizell, 50 Fla. 456; 40 South. Rep. 29; Coker v. Hayes, 16 Fla. 368; Shepherd v. State, 36 Fla. 374, 18 South. Rep. 773; Gainesville & G. R. Co. v. Peck, 55 Fla. 402, 46 South. Rep. 1019; Maloy v. State, 52 Fla. 101, 41 South. Rep. 791. Nor do we regard the words of the declarant that she "didn't see why he shot her", as an expression of opinion. It was equivalent to a statement that she had done nothing to provoke the defendant's assault, a declaration of absence of any knowledge on her part as to the cause of or reason for the assault.

The third assignment of error is abandoned.

After the expiration of four days from the trial of the cause the defendant by his counsel, before argument upon the motion for a new trial moved the court for permission to amend the motion for a new trial by adding the following grounds:

"6th. The Defendant's Counsel, since the trial of the above styled and entitled cause, have come into possession of facts, which, in connection with the testimony of the defendant at the trial, have convinced them that the Defendant is insane or demented, and was so insane at the time of the commission of the alleged offense and at the time of the trial, and that he was not, by reason of such insanity, responsible in law for the alleged homicide; that these facts were not known to Defendant's Counsel at the time of trial, nor prior thereto, nor could they, by reasonable diligence, have ascertained these facts; that while said facts were well known to defendant's relatives, without knowing the consequences, said relatives studiously concealed these facts, for which the defendant was in no wise responsible; nor was he, by reason of his insane and demented condition, in the condition to inform his attorneys, who took it for granted that because of a want of motive or cause for such alleged offense, that the defendant was drunk, all of which facts defendant, by his attorney, will show, if permitted by the Court, are true."

The motion for permission to amend the motion for a new trial was denied and the defendant excepted. This ruling is made the basis of the fourth assignment of error. The question is presented whether, in a criminal case, the defendant against whom a verdict has been rendered and who has made a motion for a new trial may,

before the motion is heard, but after four days have elapsed since the verdict was rendered, amend his motion for a new trial by adding new grounds. In this case there is nothing in the record to show that either the defendant or his counsel were prevented from making the motion within the proper time, nor that even by the exercise of diligence counsel could not have obtained the information which is made the basis of the motion to amend, within time to incorporate it in the motion for a new trial. The proposed amendment, recited in the motion for permission to amend, states that there were facts, not reciting them, which convinced defendant's counsel when considered in connection with other facts adduced in evidence at the trial, that defendant was insane or demented and not "responsible in law for the alleged homicide." Also that these facts were unknown to counsel at the time of the trial, nor could they by reasonable diligence have ascertained them. But a motion is not evidence of the facts recited therein. Pinson v. State, 28 Fla. 735, 9 South. Rep. 706; Lovett v. State, 33 Fla. 389, 14 South. Rep. 837; Smith v. State, 57 Fla. 24, 48 South. Rep. 744.

Section 1608 of the General Statutes of 1906, is as follows: "Every motion for a new trial shall be made by filing the motion and the reasons therefor in writing in the court, or by placing the motion and the reasons therefor on the motion docket, within four days after the verdict shall have been rendered, and during the same term; and such motions standing over from one term to another shall operate as a supersedeas only when so ordered by the court. And the entry of such motion shall not prevent the entry of judgment on the verdict."

In the case of Sedgwick v. Dawkins, 16 Fla. 198, this court held a motion for a new trial could not after term be

substituted for a motion in arrest of judgment, made at the term of the trial. The statute which the court had under consideration was similar to that quoted, except that the present statute deals only with motions for new trials. The language of Judge Westcott in that case seems to indicate that the defendant might have amended his motion in arrest of judgment "by adding new and additional grounds applicable to the motion," but could not file in lieu of it a motion for a new trial. In the case of William H. T. v. State of Florida *ex rel.* M. C., 18 Fla. 883, the court refused to consider a motion made for a new trial where it was not entered on the motion docket, nor the reasons filed with the Clerk "during the same term and within four days after the verdict was rendered."

Section 4005 of the General Statutes of 1906, is as follows: "Motions for new trial and in arrest of judgment shall be made in the time and manner prescribed for similar motions in Civil Cases." Both Sections 1608 and 4005 of the General Statutes of 1906 were contained in the Revised Statutes of 1892 as Sections 1180 and 2936.

In 1905 the Legislature by Chapter 5403, enacted a statute entitled "An Act Relating to Motions for New Trials in Civil Cases," which is as follows:

"Section 1. Motions for new trials in civil cases shall be made within four days after the rendition of the verdict and during the same term, but the judge upon cause shown may within such four days and during the same term by order extend the time for the making and presentation of such motions, not to exceed fifteen days from the rendition of the verdict. In all cases of extension of the time for making such motions, a copyy of the motion to be presented to the judge shall be served on the opposite party, or his attorney with three days notice of

the time and place that the same will be presented and heard.

It shall not be necessary to incorporate in any motion for a new trial any matter *in pais* previously excepted to, for the purpose of having the same reviewed by an appellate court.

Sec. 2.   The Judge shall have the power to hear and determine any motion for new trial in vacation and any such adjudication thereof in vacation shall be entered in the minutes of the court and shall have the like force and effect as if made during term time.

Sec. 3.   The provisions of this act shall not apply to criminal causes.

Sec. 4.   All laws or parts of laws in conflict with the provisions of this act are hereby repealed, and this act shall take effect immediately upon its passage and approval.

Became a law without the approval of the Governor."

This was a special statute relating to motions for new trials in civil cases and by special provision declares that the act shall not apply to criminal cases.   We think that Section 4005 of the General Statutes applies only to Section 1608 and is not affected by Chapter 5403 Laws of 1905, authorizing the judge, on cause shown within four days after the rendition of the verdict and during the same term to extend the time for making and presenting a motion for a new trial.   In this case the application for leave to amend was made after the expiration of the four days after the rendition of the verdict, so that Chapter 5403 Laws of 1905 would be of no assistance even if it was applicable to motions of this character in criminal cases. We think that Section 1608 of the General Statutes is mandatory and fixes an absolute limit of time for making

a motion to a new trial in a criminal case. No exception is made by the statute in cases where the application is made on the ground of newly discovered evidence. The merit of such motion with respect to its filing has nothing to do with it. Whether meritorious or otherwise, it must be filed within the prescribed time.

The case of Aultman, Miller & Co. v. Leahey, 24 Neb. 286, 38 N. W. Rep. 740, holds that an amendment to a motion for a new trial after the time limited by the statute was "no less than an infraction" of the statute. Judge Cobb says in his opinion: "It does not seem, therefore, to have been competent for the court to haxe extended the time limited by the Code by the allowance of a substitute as an amendment after the expiration of the three days appointed after the verdict."

The rule seems to be very generally adopted that in extraordinary cases to be judged of by the court in its discretion a motion for a new trial may be amended after the expiration of the four days after rendition of the verdict and before the hearing on the original motion, to correct some patent or flagrant error to the end that substantial justice may be done. Moore v. Ulm, 34 Ga. 565; Tifton, T. & G. R. Co. v. Chastain, 122 Ga. 250, 50 S. E. Rep. 105; Andis v. Richie, 120 Ind. 138, 21 N. E. Rep. 1111.

In the case of East Tennessee & W. N. C. R. Co. v. Winters, 85 Tenn. 240, 1 S. W. Rep. 790, the exact point is not presented. In that case the bill of exceptions showed that before he signed the court record, the defendant's counsel asked the court to reconsider his action in overruling the motion for a new trial and to allow the defendant to file affidavits that the verdict rendered was a "gambling verdict." The court refused to consider the

38

affidavits, but they appeared in the bill of exceptions, and the Supreme Court reversed the judgment, saying that "the aid of the court would not be given to the enforcemnt of such a verdict"; that in such case the rights of the litigant are less to be considered "than that this court shall take care to see that judicial pleadings are protected from even a suspicion of taint."

In the case of Houston v. Kidwell, 83 Ky. 301, the court merely holds that additional grounds may be filed after the original motion has been made, when, in the opinion of the court such grounds should be considered before overruling the motion and entering judgment. See also Maloney v. Missouri Pac. Ry. Co., 122 Mo. 106, 26 S. W. Rep. 702; Saxton Nat. Bank v. Bennett, 138 Mo., 494, 40 S. W. Rep. 97; Mirrielees v. Wabash R. Co., 163 Mo. 470, 63 S. W. Rep. 718, as to the court's discretion in allowing an amendment to be made where it appears that substantial justice has not been done. Mt. Vernon Bank v. Porter, 148 Mo. 176, 49 S. W. Rep. 982; Wooldridge v. White, 105 Ky. 247, 48 S. W. Rep. 1081.

The record discloses no abuse of discretion on the part of the trial judge in refusing to consider the proposed amendment, or in denying the motion to permit it to be filed. No affidavits accompanied the application, there was no showing as to what efforts or steps counsel had taken to discover the facts which they claim came to their knowledge concerning the defendant's sanity which counsel did not even suspect, who managed his defense, and then the statement is made that these facts, which are not given, nor the names of witnesses by whom they are to be. established, will convince defendant's counsel of the defendant's insanity, when considered in connection with other facts that appeared at the trial. According to the

rule the facts which are stated to be newly discovered, should be such not as to convince defendant's counsel, but such as ought to produce on aonther trial an opposite result on the merits. Howard v. State, 36 Fla. 21, 17 South. Rep. 84.

The judgment is affirmed.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL and WHITFIELD, JJ., concur.