GEORGE W. KOON, *Plaintiff in Error*, v. THE STATE OF
FLORIDA, *Defendant in Error*.

## Opinion Filed Aug. 7, 1916.

APPELLATE PRACTICE—SENDING JURY WITH PROSECUTING WITNESS
OUT OF COURT ROOM—ASSIGNMENT OF ERROR WITH NO BASIS
IN RECORD WILL NOT BE CONSIDERED—EFFECT OF GROUPING TWO
OR MORE REFUSED INSTRUCTIONS IN SINGLE ASSIGNMENT OF
ERROR—MOTION FOR NEW TRIAL MUST BE MADE IN CRIMINAL
CASE WITHIN TIME LIMITED BY STATUTE.

1. While it is out of the ordinary procedure of trials and irregu-
   lar to permit the jury trying a criminal case and the prosecut-
   ing witness to withdraw from the court room and to enter an
   adjoining room for the purpose of the exhibition to the jury
   of his wounds by the prosecuting witness, when neither the
   defendant nor his counsel were there immediately present with
   them, yet it will not be·held to be reversible error when it
   is not shown that the prosecuting witness held any communi-
   cation with the jury while in such room, nor exhibited to
   them his wounds, or that anything else happened in there at
   all detrimental to the defendant's rights, and where the record
   affirmatively shows that the whole episode transpired within
   the view and hearing of the court and of the defendant and
   his counsel.

2. An assignment of error that has no basis of fact in the record
   will not be considered.

3. Where a defendant has already testified to certain facts without any objection thereto, it is not error if the court subse-quently rejects, on objection interposed, his evidence that would have been simply a reiteration in substance of the same testimony already given.

4. Where the refusals to give two or more requested instructions are grouped together *en masse* as a single assignment of error, an appellate court will adjudge such assignment to have failed when it finds that any one of such instructions was properly refused. An assignment of error must prevail or fall as an entirety.

5. The provisions of Section 1608 of the General Statutes are mandatory, and fixes an absolute limit of time for making a motion for new trial in a criminal case; and no exception is made therein for cases where the application is based on the ground of newly discovered evidence.

Writ of Error to Criminal Court of Record of Duval County; James M. Peeler, Judge.

Judgment affirmed.

*M. M. Scarborough* and *A. G. Hartridge,* for *Plaintiff in Error;*

*T. F. West, Attorney General,* and *C. O. Andrews, Assistant,* for the State.

PER CURIAM.—The plaintiff in error, hereinafter referred to as the defendant, was convicted and sentenced in the Criminal Court of Record of Duval County, for the crime of assault with intent to commit murder in the second degree, and seeks a reversal of the judgment here by writ of error. Practically there is but one assignment of error; that is, that the court below erred in the denial

of the defendant's motion for a new trial. The first three grounds of this motion question the sufficiency of the evidence to support the verdict of conviction, and will be taken up later herein. The fourth ground of the motion asserts error in the trial court permitting the county solicitor to direct the jury to retire to a room adjoining the court room together with the prosecuting witness, and because the jury or a portion thereof had retired to said room with said prosecuting witness while the court was still on the bench, and without any order from the court to do so. The statement of the trial judge as to this transaction as contained in the bill of exceptions is as follows: "At this stage of the proceedings, (when the prosecuting witness had finished his oral testimony for the State), the County Solicitor told Cole Lofton (the prosecuting witness), to go into the room and show the jury where he was shot Cole Lofton immediately went into the room, adjoining the court room fifteen feet of judge's chair and in sight of the judge, defendant and his counsel, and was followed in there by the jury with the exception of one of the jurors, when the court noticed that neither the defendant nor counsel for defendant were in the room. The witness and five of the jurors had gotten in the room before the court noticed that they had left their seats. The five jurors and the prosecuting witness were not out of sight of the court." The record is silent as to whether the court, upon noticing that neither the defendant nor his counsel were in the room with the five jurors and the prosecuting witness, ordered. all of them back into the court room, or whether he ordered the defendant and his counsel to go into the room with them; but the episode, so far as the record shows, seems to have closed when the trial judge noticed the fact that neither the defendant nor his counsel were in

the room with the five jurors and the prosecuting wit-
ness, as the defendant's counsel then and there had an
exception recorded to the proceeding. While this pro-
ceeding was somewhat out of the ordinary procedure of
trials and irregular, yet the defendant has failed to show
that he was in any way harmed by it. It is not shown
that the prosecuting witness, while in the room with the
five jurors, spoke a word to them, or exhibited his wounds
to them, or that anything else happened there at all detri-
mental to the defendant's rights, but on the con-
trary the record affirmatively shows that the whole per-
formance complained of transpired within the view and
hearing of the court, the defendant and his counsel. Un-
der these circumstances no harmful error has been
shown.

The fifth ground of the motion for new trial com-
plains of the alleged refusal of the court to permit the
defendant to testify to uncommunicated threats. We
find no basis in the record for this ground of the motion.

The sixth ground of the motion for new trial com-
plains of an alleged refusal of the court to permit the de-
fendant to testify in effect that he had consulted his at-
torney as to the propriety of suing out a peace warrant
against the party assaulted by him. The bill of excep-
tions touching this assignment shows the following ques-
tions and answers ruled upon by the court: "Question:
Do you remember coming to my office on the Thurs-
day morning previous to the shooting, Friday? Answer:
I do. Q. Why did you do so? A. I went there to con-
sult you in reference to taking out a peace warrant
against Mr. Lofton. Objected to by the State, and motion
to strike answer. Objection sustained, and motion
granted." Even if this ruling was erroneous, the de-

fendant was not injured thereby, since he had already, without objection, been permitted to testify in effect that after having been told that Cole Lofton intended to kill him he went to the office of one of his attorneys to see him about taking out a peace warrant against Cole Lofton, to keep from having any trouble with him. That he did not get the warrant because his counsel advised him not to do so.

The seventh ground of the motion for new trial, that constitutes the seventh assignment of error, is as follows: "Because the court erred in refusing to give in charge to the jury at request of the defendant, charges 1, 2, 3, 4 and 5, as follows: Here we have the refusal of the court to give to the jury five several and distinct requested instructions grouped together in a single assignment of error, and in such case, under repeated rulings of this court, Davis v. State, 69 Fla. 401, 68 South. Rep. 460; Charles v. State, 58 Fla. 17, 50 South. Rep. 419, and other cases therein cited, the court will look no further after ascertaining that any one of the refused instructions thus aggregated in such single assignment of error was properly refused. An assignment of error must prevail as an entirety, or fall as such. Applying this well settled rule, we find that the court properly refused the third requested instruction for the reason that the same had been already given by the court in substance and more accurately and fully in the sixteenth instruction given by the court to the jury. The same can be said of most of the others of the refused instructions, and this assignment of error must, therefore, be adjudged to have failed.

As to the 1st, 2nd and 3rd grounds for the motion for new trial questioning the sufficiency of the evidence to sustain the conviction, we find that there were conflicts

in the evidence, but as the jury, as it was their sole province to do, have settled those conflicts by their verdict on the side of the State, we find that there was an abundance of evidence on behalf of the prosecution to sustain the verdict returned.

There is set out in the bill of exceptions a second motion for new trial on the ground of newly discovered evidence. This motion appears to have been made more than a month after the verdict and after the first motion for new trial had been denied by the court. Although there does not appear to have been any ruling by the court on this second motion for new trial, still it cannot avail the defendant, because it was made too late, long after the time limited by the statute for making and presenting such motions. As it was held in Kirkland v. State, 70 Fla. 584, 70 South. Rep. 592, the provisions of Section 1608 of the General Statutes is mandatory and fixes an absolute limit of time for making a motion for a new trial in a criminal case; and that the statute makes no exception in cases where the application is made on the ground of newly discovered evidence.

Finding no error in the record, the judgment of the court below is hereby affirmed, at the cost of Duval County, the defendant having been adjudged to be insolvent.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL, WHITFIELD and ELLIS, J. J., concur.