WILLIS BAXLEY, *Plaintiff in Error,* v. THE STATE OF
FLORIDA, *Defendant in Error.*

Opinion Filed Aug. 16, 1916.

APPELLATE PRACTICE—ASSERTION OF FACT IN MOTION FOR NEW
TRIAL IS NOT EVIDENCE OF SUCH FACT—APPELLATE COURT CAN-
NOT CONSIDER SUFFICIENCY OF EVIDENCE TO SUSTAIN VERDICT
WHEN THERE IS NO MOTION FOR NEW TRIAL QUESTIONING ITS
SUFFICIENCY DULY RULED UPON BY THE TRIAL COURT AND
SUCH RULING DULY EXCEPTED TO—STATUTE LIMITING TIME FOR
MAKING MOTION FOR NEW TRIAL IN CRIMINAL CASE IS MANDA-
TORY—REMARKS BY JUDGE TO JURY.

1. Remarks by the trial judge during the progress of a trial,
   though hasty and ill-advised, will not be adjudged to be re-
   versible error, when the court cannot see wherein the de-
   fendant could have been injured thereby.

2. It is the well settled rule that when there is no other evidence
   in the record of the truth of an asserted fact than its asser-
   tion in a motion for new trial, it cannot be considered by
   an appellate court.

3. The limit of four days' time from the rendition of the verdict
   in a criminal case for the making of a motion for new trial
   as provided by Section 1608 of the General Statutes is manda-
   tory; and when such motion is made after the lapse of such
   four days the trial judge rules correctly in declining to en-
   tertain it.

4. In order for an appellate court upon writ of error to review
   the sufficiency of the evidence to sustain the verdict or find-
   ing, a motion for new trial upon the ground of its insuffi-
   ciency should have been duly presented to and acted upon
   by the trial court, which motion and the order made thereon
   and the exception taken should be evidenced to the appellate
   court by a proper bill of exceptions.

Writ of Error to Circuit Court, Marion County; W. S. Bullock, Judge.

Judgment affirmed.

*Bullock & Trantham,* for Plaintiff in Error.

*T. F. West,* Attorney General, and *Glenn Terrell,* Assistant, for the State.

PER CURIAM.—The plaintiff in error, hereinafter referred to as the defendant, on an indictment charging him with murder in the first degree, was convicted of and sentenced for manslaughter in the Circuit Court of · Marion County, the case being tried there on change of venue from Sumter County, and by writ of error seeks a review of such judgment here.

At the trial during the selection of the jury a talesman on his *voire dire* answered to a question propounded to him touching his qualification as a juror, as follows: "That he would render an impartial verdict after he had heard the evidence, the argument of attorneys and the law as given by the Judge, and would be governed by the evidence, the argument of attorneys, and charge of the court in the making up and rendering of his verdict;" whereupon the judge did say and state to the venireman in the presence of other veniremen that "the lawyers amount to nothing," to which remark of the judge exception was taken and it is assigned as error. This remark of the judge was evidently called out by the answer of the venireman that his verdict in the case would be governed by the "argument of the attorneys," and was an infelicitous, awkward and inept way of saying to the venireman that he should not be too much or unduly gov-

erned in arriving at his verdict by the arguments of the attorneys in the case. While the remark by the judge was hasty and ill-advised, and should not have been made under any circumstances, yet we cannot see how or wherein the defendant was injured thereby. It was not aimed especially at the defendant's attorneys, but in its terms included the prosecuting attorney as well. We cannot, therefore, adjudge this to be reversible error.

The next assignment of error urged here is an alleged improper separation of the jury after they had heard the evidence in the case. We find no basis of fact in the record for this assignment of error save and except an allegation of the fact of such separation contained in one of the grounds of the motion for new trial as set forth in the bill of exceptions. It is the settled rule that when there is no other evidence in the record of the truth of an asserted fact than its assertion in a motion for a new trial, it can not be considered by an appellate court. Broward v. State, 9 Fla. 422; State v. Madoil, 12 Fla. 151; Gibson v. State, 16 Fla. 291; McNealy v. State, 17 Fla. 198; Livingston v. L'Engle, 22 Fla. 427; Parrish v. Pensacola & A. R. Co., 28 Fla. 251, 9 South. Rep. 696; Pinson v. State, 28 Fla. 735, 9 South. Rep. 706; Weightnovel v. State, 46 Fla. 1, 35 South. Rep. 856; Finlayson v. State, 46 Fla. 81, 35 South. Rep. 203; Barnhill v. State, 56 Fla. 16, 48 South. Rep. 251; Thomas v. Price, 56 Fla. 694, 48 South. Rep. 17; Marsh v. Bennett, 49 Fla. 186, 38 South. Rep. 237; Kirkland v. State, 70 Fla. 584, 70 South. Rep. 592.

The next assignment of error urged here is the alleged denial of the defendant's motion for new trial on the ground of the insufficiency of the evidence to support the verdict. This assignment cannot be considered for the reason that the transcript of the record shows that the

motion for new trial was made and presented to the trial court after the time limited by Section 1608 of the General Statutes for the making of such motions had elapsed, and the trial judge refused on that ground to entertain or hear the motion, to which refusal the defendant excepted.    This ruling of the trial court in refusing to consider or hear the motion for new trial, when made and presented after the lapse of four days from the rendition of the verdict, was proper.    In Kirkland v. State, *supra,* and in Koon v. State, decided at the present term, it is held that Section 1608 of the General Statutes is mandatory and fixes an absolute limit of time for making a motion for new trial in a criminal case. This motion having been made too late the court below refused to entertain it, and so ruled correctly, and the defendant's exception was to such refusal.    So that the case stands just as though no motion for new trial had been made at all, and no direct denial of such motion, and no exception to such direct denial thereof.    It is settled here by a long line of decisions that in order for the appellate court upon writ of error to review the sufficiency of the evidence to sustain the verdict or finding, a motion for a new trial upon that ground should be duly presented to and acted upon by the trial court, which motion and the order made thereon and the exception taken should be evidenced to the appellate court by a proper bill of exceptions.    Manatee County State Bank v. Wade, 56 Fla. 492, 47 South. Rep. 927; Thomas Bros. Co. v. Price & Watson, 56 Fla. 854, 48 South. Rep. 262; Jacksonville Electric Co. v. Adams, 50 Fla. 429, 39 South. Rep. 183; Andrews v. State, 65 Fla. 377, 61 South. Rep. 975; Johnson v. State, 53 Fla. 42, 43 South. Rep. 430; Coleman v. State, 43 Fla. 543, 30 South. Rep. 684; Davis v. State, 47 Fla. 26, 36 South. Rep. 170; Hoodless v. Jernigan, 51 Fla. 211, 41

South. Rep. 194; Gilbert v. State, 58 Fla. 50, 50 South. Rep. 535; Phillips v. State, 62 Fla. 77, 57 South. Rep. 341.

This disposes also of the question argued at great length in the briefs of the plaintiff in error challenging the constitutionality of Section 4007 of the General Statutes. It may not be amiss for us to remark that we have gone over the evidence as exhibited in the bill of exceptions with care, and that the case made thereby may call for the careful consideration of the Board of Pardons.

Finding no reversible error, the judgment of the Circuit Court in said cause is hereby affirmed at the cost of Sumter County, the plaintiff in error having been adjudged to be insolvent.

TAYLOR, C. J., and COCKRELL, WHITFIELD and ELLIS, JJ., concur.

SHACKLEFORD, Justice, absent.