FLORIDA EAST COAST RAILWAY COMPANY, A CORPORATION, ⁻ *Petitioner*, v. B. F. GEORGE, *Respondent*.

Division B.

Opinion Filed January 14, 1926.

*Harrison E. Barringer,* and *Robert H. Henderson,* for Petitioner;

*George G. Herring,* for Respondent.

BUFORD, J.—This cause is before this Court upon a writ of certiorari to the Circuit Court of Seminole County, Florida, to review the judgment of that court affirming a judgment of the County Court of that county against the petitioner in a civil suit in which the respondent had secured judgment against the petitioner in an action for

damage sustained in the killing of a cow belonging to the respondent.

Our constitution provides that the Circuit Courts have final appellate jurisdiction in all civil and criminal cases arising in the County Court or before the County Judge.

Article 5, Section 11, Constitution 1885.

This proceeding is brought to this Court to review the action of the County Court of Seminole County, Florida.

First. In refusing to consider petitioner's motion for new trial.

Second. In holding the petitioner under the evidence liable for double damage and Attorney's fees.

Third. In giving weight to testimony offered upon the trial.

And to review the action of the Circuit Court in affirming the judgment of the County Court. This Court on a certiorari to a Circuit Court is limited by the constitution in its supervisory power as an appellate court to an examination into the external validity of the proceedings had in the Circuit Court and it is not the province of this Court ot review the judgment of the Circuit Court as to the intrinsic correctness of its judgments in cases where the record presented shows that a cause of action existed; and also shows that the court of original jurisdiction had jurisdiction of the parties and of the subject matter, and that jurisdiction was acquired by the appellate court in accordance with the law.

> Carey T. Benton vs. State of Florida, 74 Florida, 30, 76 Southern 341.

It appears from the record in this case that the County Court of Seminole County had jurisdiction of the cause and of the parties lawfully acquired and that the Circuit Court as the Court of final appellate jurisdiction acquired

jurisdiction in the manner and form prescribed by law and that in disposing of the cause, the Circuit Court acted within the limits of its jurisdiction and powers.

There is no question raised as to the validity of the jurisdiction of either court.

The proceedings of the Circuit Court appear to be legal.

This court has no power to inquire into the alleged error committed in giving weight to testimony admitted in the trail court, neither is it the province of this court to review the judgment of the Circuit Court entered upon a writ of error to that court in which that court lawfully exercised its power of final appellate jurisdiction.

Ragland vs. State, 55 Florida, 157, 46 Southern Reporter 724,

Deans vs. Wilcoxin, 18 Florida 531,

Edgerton vs. Mayor of Green Cove Springs, 18 Florida 528,

Hunt vs. City of Jacksonville, 34 Florida 504, 16 Southern Reporter 398,

Benton vs. State, 74 Florida 30, and cases therein cited.

It is therefore obvious that there is presented to this court only one question to be considered and passed upon. The review of the action of the County Court in refusing to consider and pass upon appellant's motion for a new trial, and the reviewal of the judgment of affirmance by the Circuit Court involves the construction of a statute and the fixing of a rule for the computing of time under the provisions of Section 2811, Revised General Statutes of Florida.

Verdict was rendered on Saturday, the 6th day of October, 1923. Motion for new trial was filed October 11th, 1923, five days after the verdict had been rendered. Appellant contended that as a Sunday intervened during this

period that such Sunday should be excluded in the computing of time allowed, after verdict shall have been rendered, in which motion for new trial must be filed under the terms of the statutes governing the same.

It appears to be the general rule adopted by the Courts in this country that "where a limitation of time is fixed within which a particular act is required to be performed and after which the performance of the act would be without effect, if the time *exceed a week* intervening Sundays are included in the computation of time, but if less than a week an intervening Sunday is excluded."

Crossiant vs. DeSoto Imp. Co., 87 Fla. 530, 101 So. Rep. 37,

Stinson vs. Smith, 8 Minn. 366,

State vs. Michel, 52 La. Ann. 936, 27 So. Rep. 565, 78 A. S. R. 364, See also R. C. L. 26 P. 751, Sec. 26, and cases there cited.

Fellman vs. Mercantile Fire and Etc. Ins. Co., 116 La. 723, 41 So. Rep. 49.

In computing the time within which an act required by a statute must be done, if the last day falls on Sunday it cannot be excluded unless the intention of the legislature to exclude it is manifest. Simmons v. Hanne, 50 Fla. 267, 39 South. Rep. 77.

In all cases in which any particular number of days, not *expressed* to be *clear days,* is prescribed by the rules or practice of the courts, the same shall be reckoned *exclusively* of the first day and *inclusively* of the last day, unless the last day shall happen to fall on Sunday, (Christmas Day, Good Friday, or a day appointed for a *public fast or thanksgiving,* in which case the time shall be reckoned *exclusively* of that day also. Rule 63 Circuit Court Rules in Common Law Actions.)

It is now held that where a Sunday falls within the four

days' limitation prescribed by Section 2811, Revised General Statutes of Florida, and is not the last day of that period, such Sunday should be excluded in the computing of the time allowed for the filing of a motion for a new trial.

The motion for new trial in this case was filed within the prescribed time according to computation made under this rule of construction and should have been acted upon by the trial court. Action on the motion having been refused, the judgment was not in accord with the essential requirements of the law.

The judgment of affirmance by the Circuit Court is quashed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS AND STRUM, J., concur.

BROWN, C. J., not participating.