## PEPPLE *v.* STATE OF INDIANA.

[No. 25,433. Filed October 10, 1930.]

*Claude A. Lee,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General for the State.

TRAVIS, J.—Appellant was found guilty of vehicle taking by a jury verdict (Acts 1917, ch. 69, §1, as amended by Acts 1921, ch. 189, §1, §2460 Burns 1926).

His motion to arrest the judgment was overruled, upon which decision of the trial court error is assigned upon appeal. The offense, which was charged by an affidavit, approved by the prosecuting attorney, alleged that appellant unlawfully and feloniously took and drove away an automobile, the property of another without the owner's consent. The charge failed to allege that the automobile so charged to have been taken was operated by electricity or steam or explosive power. The reason presented upon which the motion in arrest is based is that the facts stated in the affidavit do not constitute a public offense.

Appellee contends in support of the affidavit that, inasmuch as it is alleged that the vehicle taken was an automobile, it was unnecessary to allege by what manner such automobile was operated, reasoning that it is evident that the Legislature intended to make this a separate statute to cover a specific class of vehicles that is propelled by electricity or steam or explosive power, and that, because the larceny statute (§2451 Burns 1926) includes the stealing or taking away of goods other than specified in the section here in question, it follows that the clause "operated by electricity or steam or explosive power" is explanatory in nature and not restrictive; and also that the statute which defines motor vehicles must be taken into consideration, to wit: "The term 'motor vehicle' shall be construed to include automobiles, locomobiles, and all other vehicles propelled otherwise than by muscular power, except traction engines," etc. (§10084 Burns 1926), upon which appellant maintains that, when the last statute quoted which defines "motor vehicles" is taken into consideration, it is clear that the Legislature intended the clause questioned to explain what vehicles were classified.

It is obvious that the statute which defines the offense charged in this case is restrictive. The court cannot say

and does not know by judicial knowledge that an automobile is not operated by the application of some other means of power than the three restrictive methods named in the statute. Neither can it be said by the court from common knowledge that a vehicle may not have been invented and put into use that was operated by means other than the three methods named in the statute upon which the offense is charged, and by muscular power. (Acts 1925, ch. 213, §1, §10084 Burns 1926.) Scientific investigation, discovery, and invention resulting therefrom, move too rapidly for the court to say that no other mode of automotive power can be discovered and invented than the methods now mentioned in the statute which defines this crime. This is as much as to say that the language in question in the statute is restrictive. It follows that the manner designated by the statute by which such automobile is operated is one of the elements of the crime defined. The manner by which the automobile is operated being a material element of the crime, a motion in arrest of judgment after a finding of guilty is good as an attack upon the charge as made by the affidavit. *Woodsmall* v. *State* (1913), 179 Ind. 697, 102 N. E. 130; *Padgett* v. *State* (1906), 167 Ind. 179, 182, 78 N. E. 663.

It was the rule at common law that the features of the statute must be alleged in the indictment which charged the offense with rigid particularity. This was necessary under the English constitution, in order that the accused might know the offense with which he was charged. Wharton, Criminal Procedure (10th ed.) §279, p. 317.

In the statute upon which the crime at bar is predicated, the word "automobile" is used, and thereafter the particular designated automobile, by stating the manner in which it is operated. This later statement which appears in the statute is in special terms. The rule of law applicable to such a

statute, which is that, where a general word is used in the statute and afterwards more special terms are used to define the offense, the instrument which charges the offense must use the most special terms, applies to the case before us. Wharton, Criminal Procedure (10th ed.) §272, p. 313.

In the statute before us a new crime, unknown to the common law, is defined. The statute appears upon its face to state all the particulars of the crime, in which case a charge in the language of the statute would be good as against the motion in arrest of judgment. But, in stating that the statute states the crime particularly, it is quite essential that the particulars of the crime must be alleged. This is only the reasoning back of the general rule, which is, that whatever goes to make up the essential elements of a crime as defined by statute, such elements must be alleged with particularity. *Markle* v. *State* (1852), 3 Ind. 535.

The affidavit which charges the crime, by its failure to particularize the manner by which the automobile was operated, fails to charge a necessary element of the crime. The motion in arrest of judgment should have been sustained. The cause is remanded, and it is ordered that the motion in arrest be sustained.

Judgment reversed.

Martin, J., dissents.