JAMES BURNETT, Appellant, v. STATE, Appellee.
198 So. 827
En Banc
Opinion Filed December 3, 1940

*Douglas & Schad* and *Ira J. Carter, Jr.,* for Appellant;

*George Couper Gibbs,* Attorney General, and *William Fisher, Jr.,* Assistant Attorney General, for Appellee.

WHITFIELD, J.—On May 8, 1939 appellant was indicted for murder in the first degree, the charge being that appellant unlawfully and from a premeditated design to effect the death of Levy Peacock, a human being, did kill and murder the said Levy Peacock by shooting him with a pistol. On a verdict of murder in the first degree with recommendation for mercy, defendant was adjudged guilty and sentenced to life imprisonment in the State penitentiary.

The verdict was rendered on October 26, 1939. A motion for new trial was filed October 31, 1939, and denied November 1, 1939. October 29, 1939, was Sunday. Error is assigned on denial of the motion for new trial, and the State contends that the motion for new trial cannot be reviewed by this Court on appeal because the motion was not filed in the trial court "within four days after the verdict" was rendered. See Secs. 4498 (2811), 8413 (6108) C. G. L. See also Sec. 239, Chapter 19554, Acts of 1939, Criminal Procedure Act, par. 3, Sec. 8663 (248) of 1940 Perm Supp. to C. G. L.

In F. E. C. Ry. Co. v. George, 91 Fla. 42, headnote 4, 107 So. 266, this Court held:

"Where a Sunday falls within the four-day limitation prescribed by Section 2811, Revised General Statutes of Florida, and is *not the last day* of that period, such Sunday should be excluded in computing the time allowed for the filing of a motion for a new trial."

The same statute is applicable to criminal cases. Sec.

8413 (6108) C. G. L. See also Sec. 52, Acts Nov. 23, 1828, Sec. 4497 (2810) C. G. L. The same rule of interpretation is applicable in criminal cases under Section 8413 (6108) C. G. L.

In this case the verdict was rendered Thursday, October 26, 1939. Motion for new trial was filed Tuesday, October 31, 1939. By excluding Sunday, October 29, 1939, the motion was filed "within four days" after the verdict was rendered, and was a compliance with the statute as interpreted by this Court.

The transcript of the evidence adduced at the trial has been duly authenticated as a part of the bill of exceptions and made a part of the record by the trial court under the statute. Such evidence has been considered by the Court and is held to be insufficient in its probative force to sustain a verdict of murder in the first degree under an indictment charging a premeditated design to effect the death of the decedent, even though the defendant stated with explanations that he had the pistol when it exploded.

The judgment will be reversed and the cause remanded for a new trial. See Smithie v. State, 84 Fla. 498, 94 So. 156.

It is so ordered.

TERREL, C. J., BROWN, and BUFORD, J. J., concur.

THOMAS, J., agrees to conclusion.

CHAPMAN, J., dissents.