76 So.2d 148 (1954)
William D. FARRIOR, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida, Division B.
November 16, 1954.
*149 Wm. W. Flournoy, De Funiak Springs, for appellant.
Richard W. Ervin, Atty. Gen., and Mark R. Hawes, Asst. Atty. Gen., for appellee.
HOBSON and DREW, Justices.
Appellant was tried before a jury on Wednesday, May 13, 1953, for larceny of an automobile. On the same date, a verdict of guilty was returned, judgment on the verdict entered, and sentence pronounced. On the following Monday, May 18, 1953, a motion for new trial was filed. This motion was denied, without explanatory comment appearing of record, on May 21, 1953. It is contended by appellant that denial of the motion was error.
The State asserts that the motion for new trial was a nullity, for failure of appellant to comply with the statutory requirement that it be "made within four days, or such further time as the court may allow, not to exceed fifteen days, after the rendition of the verdict * * *." F.S. § 920.02(3), F.S.A., because the motion was not filed until the fifth day after the verdict was rendered, the fourth day having been a Sunday, and the record shows no application for an extension of time in which to file. Since the State thus contends that the case stands the same as if no motion for new trial had been made, McLendon v. State, 90 Fla. 272, 105 So. 406, it further reasons that there can be no review of the question sought to be presented, which is predicated upon alleged insufficiency of the evidence to sustain the verdict. See Gilbert v. State, 148 Fla. 293, 4 So.2d 330, where no motion for new trial was disclosed by the record, and cases therein cited.
Appellant, on the above issue, takes the position that the statutory four-day requirement for filing a motion for new trial is qualified by Rule 7(a) of the Florida Common Law Rules of 1950, in effect when the case was tried (Present Rule 1.6) which provided in part that "[i]n computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute * * * [t]he last day of the period so computed shall be counted unless it is a Sunday or a legal holiday, in which event the period shall run until the end of a next day which is neither a Sunday nor a holiday." This position is plainly untenable, since the Common Law Rules were and are intended to apply only to civil actions and do not affect the separate statutory framework which governs criminal procedure.
On the particular point involved, however, it was once otherwise, for Comp.Gen. Laws 1927, Sec. 8413, which was repealed by Laws, 1939, c. 19554, Sec. 319, and has now been superseded by F.S.Sec. 920.02, F.S.A., supra, read "motions for new trial *150 and in arrest of judgment shall be made in the time and manner prescribed for similar motions in civil cases." And in Burnett v. State, 145 Fla. 220, 198 So. 827, we held that under Sec. 8413, supra, the rule laid down in the civil case of Florida East Coast R. Co. v. George, 91 Fla. 42, 107 So. 266, that an intervening Sunday falling within the four day period prescribed for filing a motion for new trial in civil cases should be excluded, was applicable in a criminal case. But the Burnett case must now be regarded as no longer law, because of the repeal of Section 8413 by the legislature and the fact that no similar provision has been supplied to fill the hiatus thereby created.
Since the statutes governing criminal procedure make no specific provision for the exclusion of Sunday from the four-day period prescribed, and the case is not controlled by the rules pertaining to actions at common law and suits in equity, we must accept F.S. Section 920.02 (3), F.S.A., as it is written. This statute is mandatory, and unless an extension is obtained with leave of the court, the four-day time limit is absolute. Baxley v. State, 72 Fla. 228, 72 So. 677; Koon v. State, 72 Fla. 148, 72 So. 673; Kirkland v. State, 70 Fla. 584, 70 So. 592.
The record fails to disclose an application for an extension of time for filing a motion for new trial nor does it reflect a formal order allowing additional time for filing such a motion. We do not, however, interpret Section 920.02(3), supra, as requiring that a written application for an extension of time for filing a motion for a new trial be made within four days after verdict or that a formal order granting leave of court for an extension beyond four days after rendition of the verdict be entered. The statute simply provides that "a motion for a new trial may be made within four days, or such further time as the court may allow, not to exceed fifteen days, after the rendition of the verdict * * *". The statute does not say that after four days have passed the court cannot then allow a new trial motion to be filed. If the legislature had intended that no extension of time be allowed unless application for same was made within four days after verdict, undoubtedly it would have so stated as it did state in Section 4498, C.G.L. 1927, F.S.A. § 54.24, "the judge upon cause shown may within such four days and during the same term by order extend the time for the making and presentation of such motions, not to exceed fifteen days from the rendition of the verdict." It is significant that the legislature specifically omitted from Section 920.02(3) the requirement of Section 4498, supra, then applicable in civil cases, that the order for extension of time be made "within such four days". In the case of Colson v. State, Fla. 1954, 73 So.2d 862, this Court affirmed the conviction but reviewed the evidence, the sufficiency of which was challenged by defendant's motion for new trial. An examination of the original file in this case shows that the motion for new trial was filed October 6, 1953 by order of the court for that entered "this 6th day of October, A.D. 1953, nunc pro tunc of September 21, 1953."
The motion for new trial in the instant case, as aforesaid, was filed on the fifth day, and apparently was brought to the attention of the court on the eighth day, after verdict. At that time the court had the right to allow it to be filed. That the court did then allow it to be filed is self-evident from the fact that the court then ruled upon the motion on the merits instead of dismissing it.
In the case of Perry v. State, 146 Fla. 187, 200 So. 525, 526, it was not certain from the record when the verdict was rendered by the jury. Thus in that case, as in the instant case, the motion could have been properly filed, but the record made no affirmative showing to that effect. In the Perry case, as in the main case, the State contended that this Court should not review the order denying motion for a new trial because of an asserted affirmative showing that it was not timely filed. In disposing of this contention, we said "since the trial court denied the motion for new trial instead of dismissing it, we must presume, in the absence of a contrary showing by the *151 record, that his ruling was correct and the motion was filed within the time limited by statute." (Italics added.)
It has never been difficult to persuade this Court in a case where it can possibly do so to render its decision on the merits. Consequently, we have concluded that we should follow our ruling in the case of Perry v. State, supra, and hold that "since the trial court denied the motion for new trial instead of dismissing it, we must presume, in the absence of a contrary showing by the record" that he ruled upon the motion on its merits and by such action gave leave of court to appellant to file his motion for a new trial after the expiration of more than four days but prior to the expiration of fifteen days, after rendition of the verdict.
Having reached the foregoing conclusion we will now proceed to a consideration of the question of the sufficiency of the evidence to sustain the verdict and judgment.
An examination of the trial transcript, consisting of less than five pages, reveals that the evidence is weak and inconclusive pertaining to whether larceny was committed. Moreover, there is a complete want of evidence upon one element essential to proof of an offense. The information simply charged defendant with stealing one automobile, the property of one Max Sublin, and there is no evidence whatsoever as to the type or value of the automobile, which was described during the trial simply as "an automobile." It is not clear whether the proceeding below was upon the theory of a violation of Sections 811.01-02, F.S. 1951, F.S.A., or of Section 811.20, F.S. 1951, F.S.A. But if it were under the former sections, proof of value of the stolen property was required, see Morgan v. State, 13 Fla. 671, and if it were under the latter section, proof that the automobile was of a type described in the statute was required. See Lasher v. State, 80 Fla. 712, 86 So. 689; Peeple v. State, 202 Ind. 177, 172 N.E. 902. In either event, the evidence wholly fails to prove an element necessary to support the verdict, judgment and three year sentence.
The final judgment from which this appeal is prosecuted is hereby
Reversed.
ROBERTS, C.J., and THOMAS, J., concur.