85 So.2d 832 (1956)
Isaac NELSON, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida. Division B.
February 3, 1956.
Rehearing Denied February 29, 1956.
M.H. Jones, Clearwater, for appellant.
Richard W. Ervin, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for appellee.
O'CONNELL, Justice.
On December 3, 1954 an information was filed in the Circuit Court for the Sixth Judicial Circuit, against the appellant, Isaac Nelson, charging that he "did conceal and was concerned in concealing a beverage for or in respect whereof a tax is imposed by the beverage law or would be imposed if such beverage were manufactured in or brought into the State in accordance with the regulatory provisions thereof, with intent to defraud the state of such tax, namely: approximately one gallon and four ounces of intoxicating liquor commonly called moonshine whiskey, * * *" said information being drawn under the provisions of Section 562.32, F.S. 1953, F.S.A.
Thereafter on December 15, 1954 the defendant, appellant here, filed a Motion to Quash Information. There is no order in the record overruling or sustaining the Motion to Quash, nor is it shown that defendant, appellant, ever requested a ruling thereon. Appellant in his brief contends, however, that the record shows, as it does, that the defendant was placed on trial on June 16, 1955, and that by so doing, the trial court in actual fact overruled the Motion to Quash. The defendant waived trial by jury, was tried by the court and found guilty.
The appellant raises two questions, the first being, "Does an information purporting to charge violation of the offense of concealing a beverage with intent to defraud the State of a tax under Section 562.32 (F.S. 1953 [F.S.A.]) charge a violation of such statute when the information fails to allege that the tax was not paid?" This question must be resolved against appellant for he has failed to show that any ruling was ever made upon the Motion to Quash filed by him, or that the matter was duly brought on for consideration by the trial court prior to proceeding to trial. The action of the defendant in failing to obtain a ruling on his Motion to Quash, prior to trial, amounts to a waiver of the defects, if any, in the information attacked thereby. The point is accordingly foreclosed and cannot be raised on appeal. Sinclair v. State, *833 Fla., 46 So.2d 453; Section 909.06, F.S. 1953, F.S.A.; Ortiz v. State, 30 Fla. 256, 11 So. 611; Baxley v. State, 72 Fla. 228, 72 So. 677; 24 C.J.S., Criminal Law, § 1679, p. 1205.
The second question raised is, "Does the evidence show beyond a reasonable doubt that the tax was not paid upon the beverage found in the possession of the appellant?" It affirmatively appears and is not controverted that only a portion of the record in the court below was brought here on appeal. Questions of sufficiency of evidence will not be considered by this Court unless all the evidence that was before the trial court is presented to this Court. Holland v. State, 39 Fla. 178, 22 So. 298, 302.
For the reasons above cited the judgment and sentence are affirmed.
DREW, C.J., and THOMAS and ROBERTS, JJ., concur.