168 So.2d 205 (1964)
Robert W. GILDAY, Appellant,
v.
The STATE of Florida, Appellee.
No. 63-771.
District Court of Appeal of Florida. Third District.
October 27, 1964.
*206 Robert L. Koeppel, Public Defender, and Marco Loffredo, Asst. Public Defender, for appellant.
James W. Kynes, Jr., Atty. Gen., and Leonard R. Mellon and Joseph Nesbitt, Asst. Attys. Gen., for appellee.
Before BARKDULL, C.J., and CARROLL and TILLMAN PEARSON, JJ.
BARKDULL, Chief Judge.
By this appeal the appellant seeks review of a conviction subsequent to being informed against for the commission of the crime of robbery and larceny. Also informed against in the same information was one Kerry Lee Allen, who was convicted and which conviction has this date been upheld by an opinion of this court.
It appears from the evidence that both Allen and Gilday went to the room of one Schwartz for the purpose of committing an immoral act. That, after they arrived there, an altercation took place between Allen and Schwartz, whereupon Allen took certain valuables belonging to Schwartz and fled. The record fails to establish that Gilday in any way contributed to the forcible taking of the valuables or acted in concert with Allen in the commission of the robbery. Therefore, notwithstanding the fact that Allen's conviction is this day affirmed, we find that the record fails to contain sufficient evidence of the participation in the robbery and larceny to convict Gilday.
The State relies heavily on the aider and abettor statute, § 776.011, Fla. Stat., F.S.A. Certainly if the evidence indicated that Allen and Gilday had gone to Schwartz' room with the preconceived plan to commit robbery and larceny, then Gilday would be guilty as charged notwithstanding the lack of active participation. However, it appears from the evidence that the robbery was a spur of the moment decision by Allen after they arrived at the premises.
Therefore, the record failing to contain sufficient evidence to support the conviction of the appellant herein, same is hereby reversed. See: Moore v. State, 152 Fla. 295, 11 So.2d 486; Rosenblum v. State, Fla. 1951, 55 So.2d 119.
Reversed.