PER CURIAM.
The appellants, defendants below, appeal from a judgment and sentence entered pursuant to a jury verdict finding appellants guilty of the crimes of conspiracy, aggravated assault, robbery, and automobile larceny.
The appellants were charged in the information with the crimes of conspiracy, assault with intent to murder in the first degree, robbery, and automobile larceny.
The appellants present the following points on appeal.
I. Did the trial court err in refusing to direct a verdict for the defend *373 ants on the ground that the testimony did not establish the guilt of the defendants beyond a reasonable doubt ?
We are of the view that there was sufficient evidence to convict the appellants on each count of the information.
Appellants’ second point on appeal is as follows :
II. Did the trial court err in refusing to grant the defendants’ motion for a new trial when the information charged the defendants with two separate offenses in alleging that the defenses occurred in two separate counties ? .
The defendants did not make any attack on the information until after the trial and verdict of the jury was returned. They, for the first time, raised a defect in the information in a motion for new trial.
Section 909.01, Fla.Stats., F.S.A., provides that a defendant, cither prior to or upon being arraigned, shall, unless the court grants him further time, either move to quash the indictment or information or plead thereto, or do both.
Section 909.06, Fla.Stats., F.S.A., provides :
"If the defendant does not move to quash the indictment or information before or at the time he pleads thereto he shall be taken to have waived all .objections which are grounds for a motion to quash. If, however, the defendant learns after he has pleaded or has moved to quash on some other ground that the offense with which he is now .charged is an offense for which he has been pardoned, or of which he has been convicted or acquitted or been in jeopardy .or for which he has been granted immunity the court may in its discretion .entertain at any time before verdict a motion to quash or motion for directed verdict on the ground of such pardon, conviction, acquittal, jeopardy or immunity.” .(Emphasis added.)
In Kaminski v. State, Fla.1954, 72 So.2d 400, decided by the Florida Supreme Court, the defendants appealed their conviction of assault with intent to commit murder. This conviction was reversed for procedural errors and the case remanded for a new trial, when, for the first time, the defendants moved to withdraw their pleas of not guilty and to quash the information. The Court held that the refusal to grant the motion was not an abuse of discretion.
The Supreme Court said:
“It is provided by section 909.01, Florida Statutes 1951, F.S.A., that ‘Either prior to or upon being arraigned, the defendant shall, unless the court grants him further time, either move to quash the * * * information or plead thereto, or do both. If he moves to quash, without also pleading, and the motion is withdrawn or overruled, he shall immediately plead.’
“Section 909.06, Florida Statutes 1951, F.S.A., provides, in part: ‘If the defendant does not move to quash the * * * information before or at the time he pleads thereto he shall be taken to have waived all objections which are grounds for a motion to quash. * * ”
In the case of Nelson v. State, Fla.1956, 85 So.2d 832, the defendant failed to show that any ruling was ever made by the trial court on his motion to quash the information, or that it was brought up for a consideration by the trial court prior to proceeding to trial. The Supreme Court said:
“ * * * This question must be resolved against appellant for he has failed to show that any ruling was ever made upon the Motion to Quash filed by him, or that the matter was duly brought on for consideration by the trial court prior to proceeding to trial. The action of the defendant in failing to obtain a ruling on his Motion to Quash, prior to trial, amounts to a waiver of the defects, if any, in the information attacked thereby. The point is accord *374 ingly foreclosed and cannot be raised on appeal. Sinclair v. State, Fla., 46 So.2d 453; Section 909.06, F.S.1953, F.S.A.; Ortiz v. State, 30 Fla. 256, 11 So. 611; Baxley v. State, 72 Fla. 228, 72 So. 677; 24 C.J.S., Criminal Law, § 1679, p. 1205.”
We affirm the trial court.
ALLEN, C. J., and SHANNON and LILES, TJ., concur.