MANN, Judge.
Jones said that he and Hudson, the eighteen-year-old in charge of the Jet service station on that fateful Sunday morning, were just jiving around. Hudson agreed that that was how it started, but that Jones grabbed Hudson’s head, squeezed, and said to Gillenwater, by then in the act of removing a carton of cigarettes from the premises, “I’m going to hold his head.” Whether Jones was just jiving around or aiding and abetting in robbery was a jury question which was decided against Jones.
The cases[1] on which Jones relies as demonstrating the insufficiency of evidence against him are easily distinguishable. Douglas worked at the same place as Sands, the active criminal, and was riding with him when Sands drove to the victim’s house, went in alone and assaulted and robbed her. Although Douglas was perhaps an accessory after the fact, nothing linked him to the robbery at the time of its occurrence. The evidence against Williams was entirely circumstantial — not the case here — and the State was required to exclude every reasonable hypothesis of innocence. Gilday was not shown to have any notion of complicity in his companion’s intent to rob. In this case Jones rather encouraged Gillenwater to rob Hudson, and consequently our statute[2] which makes the aider and abetter liable as a principal in the first degree makes Melvin Jones a full-fledged robber.
Affirmed.
PIERCE, C. J., and HOBSON, J., concur.

. Douglas v. State, Fla.App.3d 1968, 214 So.2d 653; Williams v. State, Fla.App. 4th 1968, 206 So.2d 446; Gilday v. State, Fla.App.3d 1964, 168 So.2d 205.

. Fla.Stat. § 776.011 (1969), F.S.A.