MANN, Judge.
The State has moved to strike the appellant’s “point on appeal” on the ground that the appellant did not file a timely mo *721 tion for new trial and the sole point on appeal involves the sufficiency of evidence. Fla.R.Cr.P. 1.590, 33 F.S.A., provides that a motion for new trial must be made within a period not exceeding 15 days “after the rendition of the verdict or the finding of the court.” Martin was convicted by verdict of a jury rendered September 28, 1971. His motion for new trial was filed December 6, 1971 — three days after the adjudication of guilt. The motion was not timely filed. We hold that “finding of the court” within the context of Fla.R.Cr.P. 1.-590[1] refers to the factual determination of guilt as made by the judge when sitting without a jury. It is coupled with the word “verdict,” and preceded by the clear indication that the crucial event is the determination of the fact of guilt. It cannot plausibly be construed as referring to the date of formal adjudication which may follow, as in this case, months later. It then follows that the motion for new trial was not properly before the trial court.
Consequently, the sufficiency of the evidence cannot be raised as an issue on appeal, following the rule of Baxley v. State.[2] This rule denies the right of appellate review of sufficiency of the evidence to a defendant in a criminal case whose attorney has neglected to file a motion for new trial. This rule has been reaffirmed by our Supreme Court in recent years.[3] I think this is an unwise rule which imposes an unfair and hypertechnical restraint upon effective appellate review. If .we dispose of this case on motion, however, we will have said nothing-about the merits. We continue to hope that the unwisdom of the rule will become apparent to our Supreme Court, and would prefer decision on the merits where possible. We have reviewed the record in this case and find that the evidence was sufficient to sustain Martin’s conviction of robbery.
Martin contended that he was a mere bystander but the jury did not believe him. Adequate evidence supported the jury verdict. Martin entered a Farm Store in St. Petersburg and asked for a soda. Moments thereafter Bunch entered, masked and armed, and ordered Martin to take a bag and fill it with money. Fortunately, the store was under surveillance as a consequence of some prior difficulty. The detectives who were across the street had seen two men dressed like Martin and Bunch in an alley immediately before the robbery. They watched the robbery take place and gave chase when the two men left. Martin and Bunch ran out together and did not separate until the police car caught up with them. This is a case very much like Jones v. State [4] in which we recently determined that one who purported to be a bystander was convicted of robbery upon sufficient evidence of his participation in the act. There we distinguished Douglas v. State,[5] the only authority cited to us by the appellant, and other cases.[6] The distinction is readily apparent to one *722 who studies these opinions. Here there is a showing that two men, not positively-identified but wearing clothes like Bunch and Martin were wearing, were in an alley immediately prior to the robbery. Furthermore, Martin and Bunch were neighbors, and knew each other. A robbery occurred, and Martin and Bunch fled together. The jury was justified in believing that they had planned it that way.
Judges Liles and Hobson are of the opinion that there is no point in discussing the merits, but concur in the interpretation of Fla.R.Crim.P. 1.590. The discussion of the facts is included in the hope of forestalling fruitless future efforts on Martin’s part to set aside this valid conviction.
For reasons stated in Judge Hobson’s opinion the judgment appealed from is affirmed.
HOBSON, J., concurs specially with opinion.
LILES, A. C. J., concurs with HOB-SON, J.

.“Rule 1.590
“(a) A motion for new trial or in arrest of judgment, or both, may be made within four days, or such greater time as the court may allow, not to exceed fifteen days, after the rendition of the verdict or the finding of the court.
“(b) When the defendant has been found guilty by a jury or by the court, such a motion may be dictated into the record, if a court reporter is present, and may be argued immediately after the return of the verdict or the finding of the court. The court may immediately rule upon the motion.”
Miller v. State, Fla.App.1st 1961, 134 So.2d 513, is in accord with our ruling here.

. Fla.1916, 72 Fla. 228, 72 So. 677.

. State v. Wright, Fla.1969, 224 So.2d 300; State v. Contreras, Fla.1969, 227 So.2d 306; State v. Owens, Fla.1970, 233 So.2d 389; Farrior v. State, Fla.1954, 76 So.2d 148.

. Fla.App.2d 1971, 254 So.2d 219.

. Fla.App.3d 1968, 214 So.2d 653.

. Williams v. State, Fla.App.4th 1968, 206 So.2d 446; Gilday v. State, Fla.App.3d 1964, 168 So.2d 205.