STATE *ex rel.* JOHN N. WATTS, JR., *et al.*, Relators, v. HARRY N. SANDLER, Judge of the Thirteenth Judicial Circuit, Acting *pro hac vice* as County Judge of Hillsborough County, and BEATRICE NEWPORT, Respondents.

199 So. 356
En Banc
Opinion Filed December 23, 1940

*Mabry, Reaves, Carlton & White, McKay, Macfarlane, Jackson & Ferguson, Hampton, Bull & Crom, Himes & Himes, Zewadski & Pierce, Wm. M. Gober, Dupree & Cone, Henry C. Tillman, Whitaker, Whitaker & Terrell* and *Gibbons, Vega & Gibbons,* for Relators;

*H. H. Wells* and *Dickenson & Dickenson,* for Respondents.

TERRELL, C. J.—In a proceeding to probate the will of Letitia V. Graham of Hillsborough County, the probate judge having entered an order of disqualification, Honorable Harry N. Sandler, one of the circuit judges of the latter county, assumed jurisdiction and acted as probate judge *pro hac vice.* After lengthy hearings, he entered two orders, (1) denying the probate of the will, (2) denying respondent Beatrice Newport the costs incurred by her from funds in the hands of the curator of the estate.

Appeals were taken from both decrees and it appearing that all judges of the Thirteenth Judicial Circuit being disqualified, the Governor by executive order appointed Honorable Alto Adams, a judge of the Ninth Judicial Circuit, to hear and determine both appeals. Judge Adams proceeded to Hillsborough County and in August, 1940, entered three orders, the first enlarged the time to September 30, for hearing the appeals, the second consolidated the appeals and the third set September 17 as the time to hear them. On September 30, after lengthy hearings, Judge Adams entered an order extending the time to November 30 for determining said appeals. On November 25, at 9:55 A. M., in Tallahassee, Florida, Judge Adams signed his decree reversing the order of Judge Harry N. Sandler acting as probate judge *pro hac vice,* ordered the will to

be probated, and that respondent be allowed her costs to be. taxed against relator.

. After entering his decree of reversal but on the same day, Judge Adams filed his resignation as circuit judge with the Governor and immediately thereafter accepted an appointment and commission as Justice of the Supreme Court of Florida. His order of reversal was mailed to the Clerk of the Circuit Court of Hillsborough County where it was received and filed on November 26, 1940. At this point, relators filed their petition in this Court praying that a rule *nisi* in prohibition be directed to respondent Harry N. Sandler, commanding him not to give effect to the decree of Judge Alto Adams directing the will of Letitia V. Graham to be admitted to probate.

It is contended that the order of Judge Alto Adams entered at Tallahassee, Florida, November 25, 1940, reversing Judge Sandler is null and void because, (1) it was signed by him beyond the territorial jurisdiction of the Ninth and Thirteenth Judicial Circuits, and (2) that it was not filed in Hillsborough County until after Judge Adams had ceased to be a circuit judge and his function as such had been concluded.

We have read the cases relied on by relator but we do not think they rule the case at bar. They arise from cases and courts having limited jurisdictions or in which there are peculiar statutory and constitutional provisions controlling the jurisdiction affected.

Under Section 8, Article V, of the Constitution of this State, the jurisdiction of a circuit judge is generally limited to his circuit but it may by executive order of the Governor be extended to any circuit in the State, and, when done, it becomes as effective as that of the resident circuit judge. The executive order of the Governor assigning Judge Adams.

to the Thirteenth Judicial Circuit to hear the cause in question is not challenged and is ample for the purpose. State *ex rel.* Landis v. City of Auburndale, 121 Fla. 336, 163 So. 698; Vanderpool v. Spruell, 104 Fla. 347, 139 So. 892.

The last cited cases settle the question as to whether a transferred circuit judge may sign a decree beyond the jurisdiction of the circuit to which he is assigned. In the case at bar, the decree was signed in a different circuit from that of residence or to which Judge Adams was assigned but no right of the parties was affected thereby so if error was committed, it was harmless.

On the point that the decree of Judge Adams was not filed until after he ceased to be a circuit judge, we hold that this contention is not well taken because it became final and effective as soon as rendered and signed, its filing and recordation not being determinative of the time it became effective. It was effective when rendered, signed and formulated for recordation. Life and Casualty Co. of Tennessee v. Tumlin, 138 Fla. 447, 189 So. 406.

The rule *nisi* in prohibition is denied.

It is so ordered.

WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., coucur.

ADAMS, J., disqualified.

Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.