CHITTY & Co., Plaintiff in Error, v. C. A. GRANTHUM, Defendant in Error.

200 So. 696
En Banc
Opinion Filed February 25, 1941

300

*McKay, Dixon & DeJarnette,* for Plaintiff in Error;

*Edgar G. Hamilton* and *Earnest, Lewis & Smith,* for Defendant in Error.

CHAPMAN, J.—On writ of error to the Circuit Court of Palm Beach County, Florida, the record discloses that one Grantham sued· Chitty & Co. in a common-law action in the Circuit Court of Palm Beach County. The issues in the common-law action were submitted to a jury, and on Wednesday, December 6, 1939, the jury rendered a verdict for the plaintiff below in the sum of $10,000.00. The case was tried before the Honorable George W. Tedder, whose home is at Fort Lauderdale, and an order was entered assigning Judge Tedder to preside in the Circuit Court of Miami, Florida, beginning December 11, 1939.

On Monday, December 11, 1939, counsel for Chitty & Co. applied for an order extending the time for filing a motion for a new trial and was granted by Judge Tedder at Miami on Monday, December 11, 1939. The order extending the time for the presentation of the motion for a new trial, while signed by Judge Tedder at Miami on Monday, December 11, 1939, the same was not filed in the office of the Clerk of the Circuit Court of Palm Beach County until Wednesday, December 13, 1939. On December 18, 1939, counsel for Chitty & Co. presented a motion for a new trial and the judge endorsed thereon: "Presented and filed before me 12-18-39 and date for hear-

ing will be set later. George W. Tedder, Judge." The motion for new trial was thereupon forwarded to the Clerk of the Circuit Court at West Palm Beach for filing, and the motion for new trial was filed by the Clerk on December 19, 1939. Final judgment was rendered December 19, 1939.

On December 22, 1939, counsel for plaintiff below filed in the Circuit Court of Palm Beach County a motion to strike the motion for a new trial and a number of grounds offered in support of the motion, but the essential grounds considered in the lower court are: (1) That the order of December 11, 1939, extending the time for the filing of a motion for a new trial was not entered within four days after the rendition of the verdict; (2) the order of December 11, 1939, extending the time in which to file a motion for a new trial, if entered within the time required, was not filed within the four-day period provided by Section 4498 C. G. L.; (3) the motion for a new trial was not filed within the extended time.

On March 20, 1940, the Honorable George W. Tedder made and entered an order granting the motion to strike the motion for a new trial and an able, learned, and exhaustive opinion in support of his conclusions appears in the record. On April 4, 1940, the lower court granted a motion for a rehearing and after a rehearing on April 27, 1940, the court entered an order adhering to its order dated March 20, 1940, granting the motion to strike the motion for a new trial filed by the defendant below. Writ of error was taken to the final judgment and these several orders are presented for a review by this Court.

*First:* The first question presented by the said writ of error to this Court for a decision is, viz.: Was the order of the lower court dated Monday, December 11, 1939, made at the City of Miami extending the four-day period for the making and presentation of a motion for a new trial, after

the rendition by a jury of a verdict dated December 6, 1939, erroneous, when the last day of the four-day period fell on Sunday? It is the contention of counsel for plaintiff in error that the order of the trial court dated December 11, 1939, extending the time in which to prepare, present and file the motion for a new trial was proper and, as the verdict in the case at bar was filed in court on Wednesday, December 6, 1939, the four-day period provided by Section 4498, C. G. L. commenced on Thursday, December 7, 1939, and the fourth day ended on Sunday, and under the provisions of Common Law Rule No. 5 adopted by this Court on April 27, 1936, the last of the four days allowed under the statute was excluded in the computation of time, because "the last day fell on Sunday."

Common Law Rule 5 adopted April 27, 1936, provides:

"RULE 5. TIME-RECKONING.—In all cases in which any particular number of days, not expressed to be clear days, is allowed or prescribed, the same shall be reckoned exclusive of the first day and inclusive of the last day unless the last day shall fall on Sunday or on New Year's Day, the Fourth of July, Labor Day, Armistice Day, Thanksgiving day or Christmas Day, in which case the time shall be reckoned exclusive of that day also; provided, however, that in all cases where the period of time is less than one week any Sunday or any such holiday intervening shall be excluded in the calculation."

Counsel for defendant in error contends that the order of extension dated December 11, 1939, was not authorized by the provisions of Section 4498 C. G. L., and the four-day period expired on Sunday, December 10, 1939, and Saturday, December 9, 1939, was the last day the trial court had the power under the aforesaid provision of the statute to make an order extending the time for the presentation of the motion for a new trial. The Florida decisions cited

and relied upon are Simmons v. Hanne, 50 Fla. 267, 39 So. 77, 7 Ann. Cas. 322; Florida East Coast R. Co. v. George, 91 Fla. 42, 107 So. 266, with citation of authorities from other jurisdictions. Common Law Rule No. 63 was considered and interpreted in the cases, *supra*.

Old Common Law Rule No. 63 is, viz.:

"RULE 63. In all cases in which any particular number of days, *not expressed* to be *clear days*, is prescribed by the rules or practice of the courts, the same shall be reckoned *exclusively* of the first day and *inclusively* of the last day, unless the last day shall happen to fall on Sunday, (Christmas Day, Good Friday, or a day appointed for a *public fast or thanksgiving*), in which the time shall be reckoned *exclusively* of that day also."

Common Law Rule 5 adopted by the Court on April 27, 1936, and made effective October 1, 1936, provided a rule for the computation of time. It was adopted and substituted for old Common Law Rule No. 63. It was made applicable to "all cases" in which "any particular number of days is allowed or prescribed" the exact number of days shall be determined by excluding the first day and including "the last"—except the "last day" shall *not* be included or be counted when the said "last day" shall fall: (1) on Sunday; (2) on New Year's Day; (3) on the Fourth of July; (4) on Labor Day; (5) on Armistice Day; (6) on Thanksgiving Day; (7) on Christmas Day—if the last day shall fall on either of the days or dates from (1) to (7), inclusive, then the time shall be reckoned and computed inclusive thereof. Rule No. 5 further provides that in "all cases" where the period of time is to be reckoned or computed is *less* than one week, any Sunday or any other holiday intervening shall be excluded.

The verdict was rendered on December 6, 1939, and the last of the four-day period allowed by Section 4498 C. G. L.

to obtain an order enlarging the time in which to prepare and present a motion for a new trial fell on "Sunday." Rule No. 5 provides that when the "last day" falls upon Sunday, the same shall be excluded in computing the time. This construction or interpretation does no violence to the provisions of Section 4498 C. G. L., but at the same time grants force and effect to the several provisions of Rule No. 5. Any other interpretation would deprive a party litigant under similar circumstances not only of the four-day provision of Section 4498 in which to apply to the court for an order extending the time of filing a motion for a new trial, and the filing of a motion for a new trial would be restricted to three days, contrary to the public mandate of the statute.

It is unnecessary to analyze the previous rulings of this Court as expressed in Simmons v. Hanne and Florida East Coast R. Co. v. George, and other cases of similar import, when old Common Law Rule No. 63 controlled and was recognized as the true rule for the computation of time. This Court, in the adoption of Rule No. 5, was of the opinion that litigants should have four full days as provided for by Section 4498 C. G. L. in which to obtain an extension of time in which to prepare and file a motion for a new trial, as well as filing the said motion for a new trial, and that Sundays and the holidays named therein should be excluded in the computation of time so as to permit or allow four full business days, exclusive of the enumerated holidays. This construction is in line with the trend of holdings of courts in other jurisdictions.

*Second:* It is next contended that the order dated December 11, 1939, extending the time in which to prepare and present the motion for a new trial, if signed by the Judge within the four-day period as contemplated by the provisions of Section 4498, was illegal and void because the

same was not entered of record in the office of the Clerk of the Circuit Court of Palm Beach County on the same day as signed by the trial judge, but two days thereafter on December 13, 1939. We have carefully considered the several provisions of Section 4498 C. G. L., and are unable to find a provision therein requiring such an order to be entered in the office of the clerk of the circuit court on the date when signed by the trial judge. Numerous cases have been cited to sustain this view, but none thereof construe the provisions of Section 4498 as to an order extending the time for presenting and filing a motion for a new trial. We have not been advised of the protection of property rights by the recordation thereof or that such an order, if erroneously entered, would under our system of procedure support a writ of error. While the better practice would require the filing in the clerk's office of such an order as early as convenient after it is signed, we cannot sustain the contention that such an order is illegal and void if not immediately filed in the clerk's office. See State *ex rel*. Watts v. Sandler, 145 Fla. 425, 199 So. 356.

*Third:* It is next contended that the several motions presented and ruled upon in the lower court should have been certified to this Court in the form of a bill of exceptions, and no bill of exceptions containing the several motions having been certified to by the lower court, this Court, under the holdings of its previous decisions, could not consider or decide the several assignments presented. Numerous decisions of this Court have been cited to sustain this view. We fully agree with the several holdings in the cited cases, but the answer to this contention is Rule No. 91 adopted by this Court on April 27, 1936. Rule No. 91 provides:

"RULE 91. PLEADINGS, MOTIONS AND OTHER PAPERS— PART OF RECORD.—All pleadings, motions and other papers

306

properly filed in a cause and upon which any assignment of error is founded shall be considered a part of the record upon appellate proceedings by writ of error or otherwise."

It was error on the part of the lower court to enter its said order sustaining or granting the motion to strike the motion for a new trial and accordingly the judgment appealed from is reversed.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD and THOMAS, J. J., concur.

ADAMS, J., not participating.