BERT LASHER, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed November 22, 1920.

1. A "Ford touring car" is a sufficient description of the article alleged to have been stolen, to bring the offense within the provisions of Section 3238, General Statutes of 1906.

2. Where an information contains more than one count and only the last count concludes with the words "contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Florida," such conclusion reaches back to each count, and it is not necessary that each count should so conclude.

.3. No single count in an indictment containing more than one is the indictment. The indictment is the thing which contains all the counts, and where it concludes with the words "contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Florida" the conclusion belongs to the entire indictment and applies to each count.

A Writ of Error to the Criminal Court of Record for Dade County; J. Emmet Wolfe, Judge.

Judgment affirmed.

*R. B. Gautier* and *Bart A. Riley,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *D. Stuart Gillis,* Assistant, for the State.

BROWNE, C. J.—Bert Lasher was convicted of larceny on an information charging him in the first count with the larceny of a Ford touring car, and in the second count with receiving, abetting and aiding in the concealment of a Ford touring car.

A motion was made by the defendant to quash the information upon several grounds, but we need consider only those relating to the first count, upon which the defendant was convicted.

The grounds of the motion to quash that are argued by the plaintiff in error are that the information does

not charge that the property stolen was an automobile
and that the information does not follow the language
of Chap. 7358, Laws of Florida, approved May 28, 1917,
which provides that the "larceny of an automobile, loco-
mobile, motorcycle, and other like vehicles propelled by
electricity, gasoline or keroseue, should be deemed a
felony." One difference between this statute and the
general larceny statute is that the larceny of any of the
vehicles described in Sec. 1 of Chap. 7358 is a felony
irrespective of its value, and under the general larceny
statute it is not a felony unless the value is $20.00 or
more. There is also a difference in the penalty, but that
is not involved here. Both these statutes are in force,
and although they differ they are not conflicting, and a
prosecution for larceny of an automobile will lie under
either.

The information in this case charges that the article
stolen was "one Ford tourning car of the value of
$300.00." It is not necessary for us to decide whether
in a prosecution under Chap. 7358 the description of the
article stolen as "a Ford touring car" will bring it
within the provision of Sec. 1, and identify it as "an
automobile, locomobile, motorcycle, and other like
vehicles propelled by electricity, gasoline or kerosene."
Where it is intended that the prosecution shall be under
Chap. 7358, prosecuting officers would do well to describe
the article in the language of the statute.

A "Ford touring car" is a sufficient description of the
article alleged to have been stolen to bring the offence
within the provisions of Sec. 3288, Gen. Statutes, 1906,
and as the complaining witness testified that he paid
$275.00 for the stolen car, and no other testimony of its
value was introduced, we must infer that the jury ac-

cepted this as the value of the car and found the defendant guilty of the grand larceny described in the first count.

The next ground of the motion to quash that is discussed by the plaintiff in error is that the first count fails to state that the larceny charge "was contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Florida." It is true that these words do not appear at the end of the first count, but they do appear at the end of the second count. The rule that prevails in most jurisdictions, and one which we approve, is that such a conclusion to the whole charge is sufficient, and that it is not necessary that each count should so conclude. 14 R. C. L. 167; Starling v. State, 90 Miss. 255, 43 South. Rep. 952, 13 Ann. Cas. 776 and Note; State v. Fley, 2 Brev. (S.C.) 338, 4 Am. Dec. 583.

In Mississippi, from which State the case of Starling v. State, *supra*, is reported, there is a constitutional mandate that "All indictments shall conclude against the peace and dignity of the State." There is no such constitutional mandate in Florida, but assuming that good pleading requires every indictment for a statutory offence shall conclude with those words, the information in this case is not bad, because they are found at the conclusion of the information. In discussing this question the Supreme Court of Mississippi said:

"No single count in an indictment containing more than one is the indictment. The indictment is the thing which contains all the counts. There may be many counts, but there can be but one indictment. The bill of indictment, in the language of the law, is a unit, is one complete thing, and it is this bill of indictment to which

the Constitution has reference in Section 169. The bill of indictment in this case did conclude, as the Constitution requires, with the words 'against the peace and dignity of the State.' Those words, whenever they appear at the conclusion of an indictment, necessarily apply to every count in the indictment going before its conclusion, and it would be the merest tautology to repeat them at the end of each count. All that is meant, when it is said that each count must be complete in itself, is that each count must completely and accurately define the offence, giving all its essential constituent elements, embraced in that count; and, whenever a count in an indictment does that, it has perfectly fulfilled its office. The words in this indictment 'against the peace and dignity of the State,' do not belong to either count, technically considered. They belong to the conclusion of the whole indictment, as the Constitution requires."

The only other point to be considered is that the verdict was contrary to and not supported by the evidence. It is true that the Ford touring car alleged to have been stolen, when found and parts of it identified, was not assembled as it was when stolen. Parts had been removed and placed on other cars, and parts of other cars substituted therefor. The owner identified one or more of his tires and other parts of his car, but he could not say that any one car was entirely his, but he testified that he also found a car which he knew to be his, "with the exception of some parts that were taken away." We think there was sufficient identification to warrant the verdict upon that point. He lost one Ford touring car, and he found the greater part, if not all of it, in the possession of the defendant, whom the jury believed from this and other evidence had stolen the car. The mere fact that the entire car was not found in the same con-

dition as when it was stolen does not affect the identification.

Finding no errors, the judgment is affirmed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.