J. H. WILLIAMS, *Paintiff in Error, v.* THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed August 17, 1926.

1. The test of the sufficiency of an indictment under our law is whether or not it is so vague, inconsistent and indefinite, as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.

2. Under the provisions of Section 5305 of the Revised General Statutes of Florida, 1920, "willful" means intentional; "malicious" means that the wrongful act should be done voluntarily, unlawfully and without exeuse or justification.

3. Where the record of a trial for a misdemeanor is silent as to an arraignment or plea of the defendant, and the matter was never presented to the trial court, and not assigned as error and not called to the attention of the Supreme Court, except by brief of counsel, the suggested omission, if there

was an omission, can not of itself be ground for reversal of a judgment otherwise in accordance with law.

Affirmed.

*Davis & Pepper,* for Plaintiff in Error;

*J. B. Johnson,* Attorney General, and *Roy Campbell,* Assistant, for the State.

CHILLINGWORTH, Circuit Judge.—The plaintiff in error, hereinafter designated as the defendant, was convicted of a misdemeanor on indictment charging the willful and malicious destruction and injury to personal property of another under the provisions of Section 5305 of the Revised General Statutes of Florida, 1920.

The first assignment of error attacks the sufficiency in the indictment of the allegation of ownership of the property. The indictment alleges, in part, that the defendant did injure "the personal property of another, to-wit, a Ford automobile, personal property of O. S. McIntyre and then and there in the possession of one S. B. Morris, under and by virtue of a written conditional sale contract." The gist of the offense under the statute is the willful and malicious destruction or injury to personal property of another.

We believe the indictment fully apprises the defendant of the ownership and also possession of the personal property, and that it is not so vague, inconsistent or indefinite as to mislead the accused and embarrass him in the preparation of defense or expose him after conviction or acquittal to substantial danger of new prosecution for the same offense. Lamb v. State, Fla., 107 South. Rep 530.

The evidence in this case, as presented by the State's witnesses, discloses that defendant, together with several of

his negro employees, came along the road in his car. The Ford car described in the indictment was parked along the road in such manner that other cars could have passed, and did pass around it. For some reason, best known to the defendant, he stopped his car, and, together with assistance of two or three of his employes, overturned the Ford car described in the indictment into a ditch alongside the road, and in that manner caused the injury as alleged. The defendant denied turning the car over, while he admitted driving along that road with his employes at about the same time.

The jury has passed upon the credibility of the witnesses and the weight of the evidence and the verdict of the jury has received the sanction of the trial court. It appears that there is substantial, competent evidence of all the facts legally essential to support the verdict, and there is nothing in the record to indicate that the jury were not governed by the evidence. Hobb v. State, 77 Fla. 228, 81 South. Rep. 444; Boyington v. State, 77 Fla. 602, 81 South. Rep. 890. The defendant contends that the evidence does not disclose that the act was wilful or malicious. "Willful" simply means intentional; "malicious," as used in the statute, means nothing more than that the wrongful act should be done voluntarily, unlawfully and without excuse or justification. United States v. Gunther, 5 Dak, 234, 38 N. W. Rep. 79, 80. We believe that the evidence clearly shows that the defendant did wilfully and maliciously, without any excuse or justification, turn over the car, and thus injure it as alleged in the indictment, to an amount in excess of fifteen dollars.

It is suggested in the brief, that the record as transmitted to the Supreme Court discloses, that it does not appear upon the Circuit Court minutes that the defendant was arraigned or any plea was entered by him, or in his behalf,

and that such failure of the record constitutes reversible error.

It is not disclosed by the record that the defendant was not arraigned or that any plea was not entered by him. It does appear that the matter of the failure to have the defendant arraigned and enter a plea, if there was any such failure, was not objected to before the trial court, or called to the attention of the trial court, and was not presented in any of the assignments of error.

In this State, where one may be tried for a misdemeanor without a jury, and tried even in the absence of the defendant, if at the request of the defendant and by leave of court, we believe that the failure of the record to show the arraignment and plea of the defendant is not such a fundamental error as the court will consider without an assignment based upon it, in view of the fact that the alleged error was not called to the attention of the trial court. Newberry v. State, 26 Fla. 334, 8 South. Rep. 445; Ryan v. State, 60 Fla. 25, 53 South. Rep. 448; 8 R. C. L. 107.

We find no error in the charges of the court.

The judgment should be affirmed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the Circuit Court in this cause should be, and the same is hereby, affirmed.

BROWN, C. J., AND WHITFIELD, TERRELL, STRUM AND BUFORD, J. J., concur.