ALLEN, Judge.
This is an appeal from the judgment and sentence entered after a jury verdict convicting William T. Johnson of the crime of larceny of an automobile. The appellant raises several questions which we doi not deem it necessary to answer, as the case must be reversed for a new trial on grounds hereinafter set forth.
The information charged the defendant with unlawfully and feloniously stealing one certain motor vehicle, to wit: “one 1954 Oldsmobile ‘88’ four door automobile”.
The evidence adduced on behalf of the State did not show the value of the property alleged to be stolen, value being an element which the State must prove beyond a reasonable doubt if the prosecution for the theft of an automobile is based on Section 811.01, Florida Statutes, F.S.A. Neither did the evidence show whether the automobile was propelled by electricity, gas. or kerosene as has been held to be a necessary element of proof if the prosecution was under Section 811.20 of the Florida Statutes, F.S.A. Under the first statute the State must prove beyond a reasonable doubt that the value of the property exceeded $50 (prior to amendment of said statute raising the value to $100, F.S.A. §. 811.021) in order to convict of grand larceny, while under Section 811.20 the larceny- *413 of any vehicle described by the statute is deemed a felony.
In the case of Lasher v. State, 1920, 80 Fla. 712, 86 So. 689, 690, the Florida Supreme Court held that the description of an automobile as a “Ford touring car” was a sufficient description to bring the offense within the provisions of Section 3288, General Statutes 1906; and that where the complaining witness testified that he paid $275 for the automobile and no other testimony of its value was adduced, it would be inferred that the jury accepted such value and found the defendant guilty of grand larceny. The defendant argued that the information did not charge that the property stolen was an automobile, and that the information did not follow the language of Chapter 7358, Laws of Florida of 1917, which provided that the “larceny of any automobile, locomobile, motorcycle, and other like vehicles propelled by electricity, gasoline or kerosene * * * should be deemed a felony.” The Court said:
“* * * One difference between this statute and the general larceny statute is that the larceny of any of the vehicles described in section 1 of chapter 7358 is a felony irrespective of its value, and under the general larceny statute it is not a felony unless the value is $20 or more. There is also a difference in the penalty, but that is not involved here. * * *
“The information in this case charges that the article stolen was ‘one Ford touring car of the value of $300.’ It is not necessary for us to decide whether in a prosecution under chapter 7358 the description of the article stolen as ‘a Ford touring car’ will bring it within the provision of section 1, and identify it as ‘an automobile, locomobile, motorcycle, and other like vehicles propelled by electricity, gasoline or kerosene.’ Where it is intended that the prosecution shall be under chapter 7358, prosecuting officers would do well to describe the article in the language of the statute.”
In the case of Bornstein v. State, Fla.1951, 54 So.2d 519, 520, the Supreme Court held that testimony of the State’s witnesses, in a prosecution for larceny of two doors, to the effect that the two doors were worth “customarily more than fifty dollars” was insufficient to establish that the stolen doors were worth $50 or more. In the above case the Supreme Court held that the defendant could well have been found guilty of some lesser degree of offense, and that the evidence adduced sustained the offense of petit larceny. The Court then reversed the trial court with directions to enter a judgment against the defendant for the offense of petit larceny.
In Farrior v. State, Fla.1954, 76 So.2d 148, 151 another case involving larceny of an automobile, the Supreme Court held that certain evidence on the issues of type and of value of the automobile were insufficient to sustain conviction. See Sections 811.01, 811.02 and 811.20, Fla.Stat.1951, F.S.A. The Court, in its opinion, said:
"An examination of the trial transcript, consisting of less than five pages, reveals that the evidence is weak and inconclusive pertaining to whether larceny was committed. Moreover, there is a complete want of evidence upon one element essential to proof of an offense. The information simply charged defendant with stealing one automobile, the property of one Max Sublin, and there is no evidence whatsoever as to the type or value of the automobile, which was described during the trial simply as ‘an automobile.’ It is not clear whether the proceeding below was upon the theory of a violation of Sections 811.01-02, F.S.1951, F.S.A., or of Section 811.20, F.S.1951, F.S.A. But if it were under the former sections, proof of value of the stolen property was required, see Morgan v. State, 13 Fla. 671, and if it were under the latter section, proof that the automobile was of a type described in the statute was required. See Lasher v. State, 80 Fla. 712, 86 So. 689; People v. *414 State, 202 Ind. 177, 172 N.E. 902. In either event, the evidence wholly fails to prove an element necessary to support the verdict, judgment and three year sentence.
“The final judgment from which this appeal is prosecuted is hereby
“Reversed.”
We are of the opinion that, under the authorities hereinabove cited, the judgment and sentence of the lower court must be reversed.
Reversed.
KANNER, C. J., and THORNAL, A. J., concur.