149 So.2d 863 (1963)
Charles E. HORNER, Appellant,
v.
The STATE of Florida, Appellee.
No. 62-264.
District Court of Appeal of Florida. Third District.
February 12, 1963.
Rehearing Denied March 6, 1963.
Manners & Amoon, and Richard M. Gale, Miami, for appellant.
Richard W. Ervin, Atty. Gen., Herbert P. Benn, Asst. Atty. Gen., Richard E. Gerstein, State Atty., and Glenn C. Mincer, Asst. State Atty., for appellee.
Before PEARSON, TILLMAN, C.J., and HORTON and HENDRY, JJ.
HORTON, Judge.
The appellant, Charles E. Horner, seeks review of a judgment of conviction entered in the Criminal Court of Record for Dade County, Florida, pursuant to a jury verdict finding him guilty of the crime of extortion. A sentence of ten years' confinement in the state penitentiary followed. We affirm.
Section 836.05, Fla. Stat., F.S.A., provides:
"Whoever, either verbally or by a written or printed communication, maliciously threatens to accuse another of any crime or offense, or by such communication maliciously threatens an injury to the person, property or reputation of another, or maliciously threatens *864 to expose another to disgrace, or to expose any secret affecting another, or to impute any deformity or lack of chastity to another, with intent thereby to extort money or any pecuniary advantage whatsoever, or with intent to compel the person so threatened, or any other person, to do any act or refrain from doing any act against his will, shall be punished by imprisonment in the state prison not exceeding ten years."
The information filed against the appellant was framed in three counts and provided, in pertinent part, as follows:
"RICHARD E. GERSTEIN, State Attorney of the Eleventh Judicial Circuit of Florida, * * * information makes that CHARLES E. HORNER on the 15th day of March, 1962, * * did * * * unlawfully and maliciously threaten an injury to the reputation of another, to-wit: ____, with intent to compel the said ____, against his will, to refrain from testifying against him * * * which testimony was to be given in a criminal proceeding in which the said CHARLES E. HORNER is a defendant, in violation of Florida Statute 836.05. * * *
"COUNT TWO
"And RICHARD E. GERSTEIN, * * * further information makes that CHARLES E. HORNER, * * did * * * verbally and maliciously threaten to expose another, to-wit: ____, to disgrace, with intent thereby to compel the said ____, against his will, to refrain from testifying against him * * * in a criminal proceeding in which the said CHARLES E. HORNER is a defendant, in violation of Florida Statute 836.05. * * *
"COUNT THREE
"And RICHARD E. GERSTEIN, * * * further information makes that CHARLES E. HORNER * * * did * * * verbally and maliciously threaten to impute the lack of chastity to another, to-wit: ____, with intent thereby to compel the said ____, against his will, to refrain from testifying against him * * * in a criminal proceeding in which the said CHARLES E. HORNER is a defendant, in violation of Florida Statute 836.05, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida."
The appellant's motion to quash the information was denied and the cause went to trial before a jury. The state's principal witness testified in substance that the appellant called him on the telephone and threatened to expose him as one possessing a certain unsavory characteristic and cost him his job with the City of Miami Beach if he appeared as a witness against appellant in a pending criminal proceeding. This testimony was corroborated by his supervisor, William Johnson. Additional testimony was taken and ultimately a verdict was rendered finding the appellant guilty on all three counts. Appellant was adjudged guilty and his motion for new trial denied. This appeal followed.
The appellant contends the information was insufficient and should have been quashed because it fails to charge a crime in that the nature and substance of the alleged threat to cause injury to the reputation of the state's principal witness was not described with sufficient particularity. We find this contention to be without merit.
The information was for one offense, though it was charged in three counts to have been committed by different methods embraced within the alternative provisions of the statute. The punishment and the offense would be the same no matter upon which count or counts the appellant should be found guilty, and his guilt would be the same whether he violated the statute by doing the acts charged in one count or by doing every act embraced within all the *865 counts. The jury found the appellant guilty upon every count, thereby determining that he had committed the offense in every manner charged. As stated in Bueno v. State, 40 Fla. 160, 23 So. 862:
"Where an indictment or information contains good and bad counts, and there is a general verdict of guilty rendered upon the whole, a judgment and sentence will be sustained if the indictment or information contains one count in which the offense is adequately set forth, provided the sentence be within the limits of the punishment prescribed for the offense charged in the good count."
See also Mixon v. State, Fla. 1951, 54 So.2d 190; Jarrell v. State, 135 Fla. 736, 185 So. 873; Poyner v. State, 81 Fla. 726, 88 So. 762; Jordan v. State, 22 Fla. 528. Since the sentence here was for ten years, we must determine whether the information contains one count in which the offense is adequately set forth.
Having thoroughly scrutinized the statute and the information, we hold that the information, viewed as a whole,[1] and each of its counts, legally and properly charged an offense under § 836.05, supra. They tracked the language of the statute,[2] which is not couched in terms so generical as to require a descent to the particulars.[3] In addition, they are not defective in the allegations as to time, place and means of committing the offense charged, or in stating the nature and cause of the accusation with definiteness, and they are legally sufficient to protect the appellant from being twice put in jeopardy for the same offense. See State v. Bruno, supra; Jarrell v. State, supra; see also 17 Fla.Jur., Indictments and Informations, §§ 25-52. In so holding, we reject the appellant's contention that lack of chastity may only be imputed to a woman.
Appellant also contends it was error to permit the introduction of testimony relative to his impending trial for grand larceny and fraud and his connection with other accused persons, and to permit the prosecution to comment thereon. We disagree.
Evidence tending to show the commission of other crimes can be so prejudicial that a close scrutiny must be made into its relevancy. However, if it is relevant  that is, bears a certain relation to the crime charged so as to connect the two as parts of one transaction; or tends to throw light upon the character of the act under investigation as to motive, intent, absence of mistake or as part of a common scheme or design; or where it is impossible to give a complete or intelligent account of the crime charged without referring to the other crime  the evidence is admissible. Williams v. State, Fla. 1959, 110 So.2d 654, cert. den. 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86; Talley v. State, 1948, 160 Fla. 593, 36 So.2d 201; Kennedy v. State, 140 Fla. 124, 191 So. 193; Thomas v. State, 132 Fla. 78, 181 So. 337; Ryan v. State, 83 Fla. 610, 92 So. 571; Wallace v. State, 41 Fla. 547, 26 So. 713; Killins v. State, 28 Fla. 313, 9 So. 711.
In the case at bar, the appellant was charged with threatening the state's witness with the intent to compel him against his will to refrain from testifying against appellant in a pending criminal proceeding. We hold that such evidence relating to this latter criminal proceeding as was admitted was relevant to the issues of motive and intent and necessary to give a complete and intelligent account of the crime charged.
The appellant further contends that a new trial should have been granted because *866 he was denied a fair and impartial trial by the conduct of the prosecutor in making forty-six alleged prejudicial and inflammatory remarks. We reject this contention. The appellant made no objection to some twenty-one of these remarks and cannot now be heard to complain of them. An examination of the record relative to the remaining twenty-five remarks discloses no harmful or prejudicial error.
We have considered the appellant's remaining contentions on the record, briefs and oral arguments and find them to be without merit. No reversible error having been shown, the judgment appealed is affirmed.
Affirmed.
NOTES
[1] See Lasher v. State, 80 Fla. 712, 86 So. 689.
[2] See State v. Bruno, Fla. 1958, 107 So.2d 9, and State v. Pound, Fla. 1950, 49 So.2d 521; see also 17 Fla.Jur., Indictments and Informations, §§ 53-60.
[3] See State v. Hazellief, et al., Fla.App. 1962, 148 So.2d 28, and Rosin v. Anderson, 155 Fla. 673, 21 So.2d 143.