TILLMAN PEARSON, Judge.
The appellant was adjudged guilty, after a jury trial, of the crime of manslaughter under § 860.01, Fla.Stat, F.S.A., which provides that if the death of any human being shall be caused by the operation of a motor vehicle driven by a person while intoxicated, such person shall be guilty of manslaughter. He appeals the judgment and the sentence of imprisonment at hard labor for a term of six months to ten years. We affirm.
There are seven points presented upon appeal. Only one of these points questions the sufficiency of the evidence and that point is directed to one element which it is ■claimed was omitted -from the proof.- That point will be discussed last. The remaining points urge: (1) the insufficiency of the information; (2) alleged errors in -rulings upon the-admissibility of evidence; .(3) refusal to grant a mistrial because of alleged. improper comments upon the evidence by the prosecuting attorney; (4) the refusal to give requested instructions.
Without discussing each point in order to explain how we find it unsubstantial, we will briefly indicate the basis of our conclusion in each instance.
The information is sufficient because it clearly set forth each element of the crime charged and fairly apprised the defendant of the charge. Drozewski v. State, Fla.1955, 84 So.2d 329.
Under the point directed to the admission of evidence, the appellant urges that the jury should not have been allowed to know that persons other than the deceased were injured in the accident. Trials cannot be conducted in a vacuum. It was inevitable that in the testimony regarding the force and extent of the impact, other injuries would be revealed. We find no prejudicial error in the admission of the actual facts concerning the collision and its immediate results. State v. Green, 251 N.C. 40, 110 S.E.2d 609; Allen v. State, 149 Tex.Cr.R. 612, 197 S.W.2d 1013.
The appellant does not contend that in any single instance an improper and prejudicial comment by the prosecuting attorney was such that he should have been granted a mistrial. Instead it is his contention that the overall conduct of the trial was such as to deprive him of a fair consideration of his innocence or guilt. We have reviewed all of the instances suggested and find that they do not singly or together constitute reversible error.
The point going to the refusal of the' court to give certain of defendant’s 'instructions does not present reversible .error under the rule stated in Austin v. State, Fla.1949, 40 So.2d 896, 897.
Upon the point directed to the sufficiency of the evidence, it is urged that because the state failed to prove specifically that the car driven by the appellant was one *235 propelled by “ * * * gasoline, gas, vapor, electricity, steam or other power * * * ” that the case was not proved because these words are included in the statute. Such a holding would not benefit the law or protect the innocent. The evidence showed that the vehicle driven by the appellant was a Cadillac automobile. We can rightly impute to the jury the knowledge of ordinary men that this is a gasoline driven motor vehicle.
Affirmed.