CARROLL, Judge.
This appeal from a larceny conviction is predicated on the contention of the defendant-appellant that an essential element of proof was omitted. The contention has merit, and we reverse.
An information charged that the defendant “did then and there unlawfully and felo-niously take, steal, and carry away one certain automobile which is propelled by gasoline or kerosene, to-wit: 1957 Chevrolet * * * the property of one Miramar Motors, Inc.” The charge was laid under § 811.20, Fla.Stat., F.S.A., reading as follows:
“The larceny of any automobile, loco-mobile, motorcycle, or other like vehicle propelled by electricity, gasoline or kerosene in this state, shall be deemed a felony; and any person convicted thereof shall be punished by imprisonment in the state prison for a term not *767 exceeding five years, or by fine not exceeding five thousand dollars.”
The information described the vehicle in the language of the statute as being an automobile propelled by gasoline or kerosene. But on the trial, proof thereof was lacking. Failure of the state to present evidence to establish that necessary allegation that the automobile was one propelled by gasoline or kerosene (Lasher v. State, 80 Fla. 712, 86 So. 689, 690) was a defect fatal to the prosecution.[1] See Lasher v. State, supra; Farrior v. State, Fla.1954, 76 So.2d 148, 151; Johnson v. State, Fla.App.1958, 102 So.2d 412; on the authority of which we conclude the judgment appealed from should be and it hereby is reversed.
Reversed.

. Compare Blair v. State, Fla.App.1984, 161 So.2d 233, where this court, in affirming a manslaughter conviction under § 860.01 Fla.Stat., F.S.A., held that proof of the propulsion power of an automobile as specified in that statute was not necessary hut could be inferred by a jury as a matter of common knowledge. However, in a prosecution for larceny of an automobile under § 811.20, Fla.Stat., F.S.A., as in the instant case, the cited decisions require evidentiary showing that the vehicle is propelled by one of the fuels listed in the statute.