TILLMAN PEARSON, Judge.
John Robert Odom was charged with the statutory crime of larceny of an automobile as defined by § 811.20 Fla.Stat., F.S.A. He was found guilty after a non-jury trial and appeals a judgment of conviction and sentence entered thereon.
The first point raised urges that the trial judge should have directed a verdict for the defendant because the evidence failed to prove that the automobile was propelled by electricity, gas or kerosene. Patterson v. State, Fla.App.1964, 167 So.2d 766. We find this point to be without merit because the record contains evidence which supports the finding of the trier of fact that the automobile was in fact one propelled by gasoline. Not only is the make of the automobile given but there is in the record a statement of the defendant that he started the car by the use of the gasoline pedal. Cf., Blair v. State, Fla.App.1964, 161 So.2d 233.
The second point presented questions the sufficiency of the evidence to prove intent to commit larceny of the automobile. A used car lot in Miami reported the theft of one of its cars. That same day the stolen car was found in Glades County wrecked. The defendant was found in the wrecked car occupying the driver’s side of the front seat. Another person who was occupying the passenger side of the front seat was killed in the wreck. The defendant testified that the car was taken under the belief it was owned by a relative of the deceased passenger. The defendant also said that he was not driving the car at the time of the accident. An investigating officer testified that at the time he first interviewed the appellant, the appellant freely and voluntarily admitted that he and the deceased passenger “wanted to try out a car, that they got in the car, drove it off the used car lot and no one stopped them.” Under this conflict in the evidence the trier of fact had a sufficient basis upon which to find that appellant’s possession of the stolen automobile in a place far removed from the taking, was evidence of larceny. Cf., Borghese v. State, Fla.App.1963, 158 So.2d 785.
Affirmed.