PER CURIAM.
The State of Florida appeals an order quashing an information charging the defendants with possession of moonshine whiskey under F.S.A. Section 562.451(2), F.S.A.1967. We reverse.
Section 562.451(2) provides:
“(2) Any person who owns or has in his possession or under his control one gallon or more of liquor, as defined in the beverage law, which was not made or manufactured in accordance with the laws in effect at the time when and place where the same was made or manufactured shall be guilty of a felony and, upon conviction, shall be punished by imprisonment in the state prison not exceeding 5 years or by fine not exceeding $5,000.00, or both.”
Also pertinent is Section 562.451(3), which states:
“(3) In any prosecution under this section, proof that the liquor involved is what is commonly known as moonshine whiskey shall be prima facie evidence that the same was not made or manufactured in accordance with the laws in effect at the time when and place where the same was made or manufactured.”
The information in essence charged that on November 27, 1964, the defendants “did unlawfully have in their possession and under their control more than one gallon of intoxicating liquor commonly known as ‘Moonshine Whiskey’, which was not made or manufactured in accordance with the laws in effect at the time when and place where the same was made or manufactured. * * * ” We find this language, which tracks the statute completely, to be sufficient to charge the crime defined in Section 562.451(2). See Major v. State, Fla.1965, 180 So.2d 335.
The trial court listed the following reasons for quashing the information:
(1) The information did not charge a crime or adequately advise defendants of the offense charged absent allegations of the time and place of the manufacture of the alleged moonshine.
(2) A prosecution under sub-section (2) in conjunction with utilization of the presumption furnished by sub-section (3) without allegations of time and place of manufacture would violate Section 17 of the Declaration of Rights of the Florida Constitution, which prohibits ex post facto legislation.
(3) Before the State could avail itself of sub-section (3) it would first have *523 to prove a corpus delicti, to-wit: possession of a gallon or more of liquor made in violation of laws in effect at the time and place of manufacture.
We will first discuss the trial court’s ruling that time and place of manufacture must be alleged.
The elements of the activity proscribed by Section 562.451(2) are plain: (1) Ownership, possession or control; (2) of one gallon or more; (3) of liquor; (4) which was not made in accordance with the law in existence at the time when and place where it was made. Distilled to its quintessence the fourth element of the crime is that the liquor involved must have been illegally made. To avoid any question as to how to determine whether or not liquor was illegally made the legislature set out this element in definitional language. For purposes of the section liquor is illegally made when it is not made in accordance with the law in existence at the time when and place where it is made. The time and place of manufacture are not elements of the crime of possession although they may be potential links in the chain of proof of the last element. Such evidentiary facts, however, need not be alleged. 17 Fla.Jur., Indictments and Informations, § 31.
Certainly the State must allege and prove all elements of the crime including the illegal nature of the liquor. But it need not allege in the information every fact upon which it will rely to establish those elements at trial. The State might attempt to prove at trial the illegal nature of the liquor by showing time, place, law in existence and that the liquor’s manufacture did not comply with that law. Or the State might choose instead to establish the fourth element by proving the liquor to be moonshine and invoking the presumption set forth in sub-section (3) above. These questions of the manner of proof are obviously not presented on a motion to quash.
In summary we hold that the information here, couched in the language of the statute, charges a crime. Defendants certainly are able to understand the charge against them and will not be embarrassed in their defense. F.S. Section 906.25, F.S.A.1967.
The remaining two reasons given by the trial court are not pertinent to a ruling on a motion to quash. Section 562.451(3) provides a rebuttable presumption of illegal manufacture from proof that the liquor is what is commonly known as moonshine. We regard the meaning of “moonshine whiskey” in Florida beverage law to be that set out in State v. Altman, Fla.1968, 106 So.2d 401, at 405: “[G]reen or raw whisky in general, identifiable by a characteristic flavor or odor, without. regard to the legality or illegality of its manufacture.” The reasonableness of this presumption, however, cannot be tested until the State relies upon it at trial.
Similarly, any ruling on the constitutionality of sub-section 3 of the provision or on what is a necessary predicate to its invocation would be premature on a motion to quash.
Accordingly, the order appealed is
Reversed.
WALDEN, C. J., and McCAIN and REED, JJ., concur.