368 So.2d 338 (1978)
Julie MARTINEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 51778.
Supreme Court of Florida.
November 16, 1978.
Rehearing Denied February 13, 1979.
Robert W. Pope, St. Petersburg, for appellant.
Robert L. Shevin, Atty. Gen., and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
HATCHETT, Justice.
In this case, we are again called upon to determine the constitutional validity of Section *339 796.07[1] and Section 480.02(1)[2] Florida Statutes (1975). Jurisdiction vests pursuant to Article V, Section 3(b)(1). Relying on our decision in State v. Bales, 343 So.2d 9 (Fla. 1977), we uphold the statutes and affirm the judgments entered below.
Appellant was charged in two informations with (1) entering, remaining, or residing in a structure or building for the purpose of lewdness, prostitution, or assignation, Section 796.07(3)(c), Florida Statutes; (2) maintaining or operating a place, structure, or building for the purpose of lewdness, assignation, or prostitution, Section 796.07(2)(a), Florida Statutes; (3) committing or offering to commit or engage in lewdness, assignation, or prostitution, Section 796.07(3)(a), Florida Statutes; and (4) practicing massage without a license, Section 480.02(1), Florida Statutes. She moved to dismiss the informations on the ground that Section 796.07 and Section 480.02(1) were unconstitutionally vague. These motions were denied, and appellant pleaded nolo contendere to all charges, specifically reserving her right to appeal.
Appellant's argument is threefold: (1) she challenges the constitutionality of Sections 796.07 and 480.02(1), Florida Statutes (1975); (2) she challenges the sufficiency of the charging informations; and (3) she argues that the trial judge erred in denying her motion to include a definition of sexual intercourse in the instructions to the jury.
Appellant's first point was decided against her in State v. Bales, supra, and again in Tatzel v. State, 356 So.2d 787 (Fla. 1978) and Bell v. State, 289 So.2d 388 (Fla. 1973). We see no reason to recede from these decisions.
Appellant's second point must also be decided against her on the basis of well settled law. An information will be quashed only if it is "so vague, indistinct, and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or *340 acquittal to substantial danger of a new prosecution for the same offense." Fla.R. Crim.P. 3.140(o).[3] See also, Brown v. State, 135 Fla. 30, 184 So. 518 (1938); Williams v. State, 92 Fla. 648, 109 So. 805 (1926); and Machin v. State, 270 So.2d 464 (Fla.3d DCA 1972). Generally, an information is sufficient if it follows the language of the statute, Major v. State, 180 So.2d 335 (Fla. 1965); Gibbs v. Mayo, 81 So.2d 739 (Fla. 1955); and Harrell v. State, 79 Fla. 220, 83 So. 922 (1920), and need not set forth proof with which the state intends to establish its case. State v. Cauley, 213 So.2d 521 (Fla.4th DCA 1968). We have reviewed the informations in this case and find that they are sufficient to inform the appellant of the nature of the offenses charged, Drozewski v. State, 84 So.2d 329 (Fla. 1955); Gray v. State, 58 Fla. 54, 50 So. 538 (1909); and Blair v. State, 161 So.2d 233 (Fla.3d DCA 1964), and do not mislead or embarrass her in the preparation of her defense nor subject her to double jeopardy.
Appellant's third point raises a more difficult question. Can a defendant who pleads nolo contendere reserve for appeal a trial court's denial of a motion for jury instructions. It is clear that a plea of nolo contendere bars the appeal of any issue other than the facial sufficiency of the charging instrument, except where a criminal defendant reserves the right to appeal a question of law. Vinson v. State, 345 So.2d 711 (Fla. 1977); Hand v. State, 334 So.2d 601 (Fla. 1976); and State v. Ashby, 245 So.2d 225 (Fla. 1971). Questions of fact cannot be reserved. Since the giving of a jury instruction involves issues of law and fact, and depends in part upon the evidence presented, we hold that a trial court's ruling on a pre-trial request for instructions is not appealable on a plea of nolo contendere.
Accordingly, the judgments entered below are affirmed.
It is so ordered.
ENGLAND, C.J., and BOYD, OVERTON, SUNDBERG and ALDERMAN, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] Section 796.07, Fla. Stat. (1975), provides in pertinent part:

Prohibiting prostitution, etc., evidence; penalties; definitions.
(1) As used in this section, unless the context clearly requires otherwise:
(a) The term "prostitution" shall be construed to include the giving or receiving of the body for sexual intercourse for hire, and shall also be construed to include the giving or receiving of the body for licentious sexual intercourse without hire.
(b) The term "lewdness" shall be construed to include any indecent or obscene act.
(c) The term "assignation" shall be construed to include the making of any appointment or engagement for prostitution or lewdness or any act in furtherance of such appointment or engagement.
(d) The term "prostitution" as used in paragraph (a) shall be construed so as to exclude sexual intercourse between a husband and his wife.
(2) After May 1, 1943, it shall be unlawful in the state:
(a) To keep, set up, maintain, or operate any place, structure, building, or conveyance for the purpose of lewdness, assignation, or prostitution.
(b) To offer, or to offer or agree to secure, another for the purpose of prostitution, or for any other lewd or indecent act.
(c) To receive, or to offer or agree to receive, any person into any place, structure, building, or conveyance for the purpose of prostitution, lewdness, or assignation, or to permit any person to remain there for such purpose.
(d) To direct, take or transport, or to offer or agree to take or transport, any person to any place, structure, or building, or to any other person, with knowledge or reasonable cause to believe that the purpose of such directing, taking, or transporting is prostitution, lewdness, or assignation.
(3) It shall further be unlawful in the state:
(a) To offer to commit, or to commit, or to engage in, prostitution, lewdness, or assignation.
(b) To solicit, induce, entice, or procure another to commit prostitution, lewdness, or assignation with himself or herself.
(c) To reside in, enter, or remain in, any place, structure, or building, or to enter or remain in any conveyance, for the purpose of prostitution, lewdness, or assignation.
(d) To aid, abet, or participate in the doing of any of the acts or things enumerated in subsections (2) and (3) of this section.
[2] Section 480.02(1), Fla. Stat. (1975) provides:

Masseurs and Masseuses to be registered.
(1) It shall be unlawful for any person or persons to engage in the practice or attempt to practice massage for a fee, or for a gratuity, or to conduct or teach in a school of massage without a certificate of registration issued pursuant to the provisions of this chapter.
[3] Rule 3.140(o), Fla.R.Crim.P. states:

Defects and Variances. No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.