COBB, Judge.
The state petitions this Court to issue a writ of common law certiorari to review a final order of the circuit court of the Ninth Judicial Circuit sitting in its review capacity. The circuit court affirmed a county court’s order dismissing the state’s Notice to Appear which had charged defendant with petit theft in violation of Section 812.-014, Florida Statutes (1977). The county court stated that the Notice to Appear failed to state the essential elements of the crime of petit theft.
We find that the notice to appear was sufficient to inform the defendant of the nature of the offense charged. Compare, Martinez v. State, 368 So.2d 338 (Fla.1978).
We doubt that the legislature and Florida Supreme Court intended Notices to Appear issued under field conditions by law enforcement officers to be held to the same strict standards as are indictments and in-formations. Prosecution of misdemeanors by Notices to Appear is given a special section in the Rules of Criminal Procedure,[1] as is prosecution in county court for violation of ordinances by affidavit or docket entries. See McElroy v. Brown, 311 So.2d 786 (Fla. 4th DCA 1975), cert. denied, 319 So.2d 30 (Fla.1975). Moreover, Rule 3.125(g) specifically lists what, is required to appear in a valid notice to appear. The Notice' to Appear sub judice named the offense, the statute number, and included a narrative which was sufficiently detailed to enable the defendant to prepare a defense without being embarrassed. The requirements of Rule 3.125(g) were satisfied. See The Florida Bar. Re Florida Rules of Criminal Procedure, 343 So.2d 1247 (Fla.1977); In re Clarification of Florida Rules of Practice and Procedure (Florida Constitution, Art. V, § 2[a]), 281 So.2d 204 (Fla.1973).
For these reasons, the petition for writ of certiorari is granted; the order of the circuit court is vacated and the cause is remanded with directions to the circuit court to vacate the order of the county court and remand with directions to reinstate the notice to appear.
It is so ordered.
CROSS and ORFINGER, JJ., concur

. See Rules 3.125, 3.140(a)(2), Fla.R.Crim.P.