OWEN, WILLIAM C., Jr. (Retired), Associate Judge.
Fred C. Law was charged by information with four counts of grand theft of the second degree. Following a jury verdict of guilty as to the first three counts, the trial court granted Mr. Law’s motion in arrest of judgment on the grounds that the information upon which Mr. Law was tried is so defective that it will not support a judgment of conviction. We reverse.
In Martinez v. State, 368 So.2d 338 (Fla.1978), the court was faced with a challenge to the sufficiency of the charging information. Succinctly setting forth the standards by which the sufficiency of a charging information is weighed, the court stated, at page 339:
“An information will be quashed only if it is ‘so vague, indistinct, and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.’ Fla.R.Crim.P. 3.140(o). See also, Brown v. State, 135 Fla. 30, 184 So. 518 (1938); Williams v. State, 92 Fla. 648, 109 So. 805 (1926); and Machin v. State, 270 So.2d 464 (Fla.3d DCA 1972). Generally, an information is sufficient if it follows the language of the statute, Major v. State, 180 So.2d 335 (Fla.1965); Gibbs v. Mayo, 81 So.2d 739 (Fla.1955); and Harrell v. State, 79 Fla. 220, 83 So. 922 (1920), and need not set forth proof with which the state intends to establish its case. State v. Cauley, 213 So.2d 521 (Fla. 4th DCA 1968).”
Here, each count of the charging information not only tracked the statutory language of Section 812.014, Florida Statutes (1977), but in addition, each count stated with particularity that the theft occurred by the use of a check (or checks) in a designated amount, made payable to a named person, and each such check being described as drawn “on the account of the Skills Development Uplift Program at the Century National Bank, Jacksonville, Florida, Account No. 10 0469 9.” The information as a whole and each count thereof was sufficient to inform Mr. Law of the nature of the offense charged, and could not mislead or embarrass him in the preparation of his defense nor subject him to double jeopardy, which is the acceptable test of legal sufficiency. See State v. Dilworth, 397 So.2d 292 (Fla.1981).
Appellee had relied heavily upon this Court’s decision in the case of Dilworth v. State, 381 So.2d 1125 (Fla. 1st DCA 1979), but that case was only recently quashed by the Supreme Court, State v. Dilworth, supra. Lest appellee feel this to be an ironic *1262 and cruel blow of fate, we hasten to point out that this Court’s Dilworth decision was of no help to appellee because the deficiency noted in our Dilworth decision, i. e., the failure of the information to state any of the specific acts constituting the fraud, did not exist in the information in this case since, as we have noted above, each count of the information did state the particular circumstances making up the offense.
The order granting the motion in arrest of judgment is reversed and this cause remanded with instructions to enter judgment on the verdicts and for appropriate sentencing.
REVERSED AND REMANDED.
MILLS, C. J., and WENTWORTH, J., concur.