PER CURIAM.
The state appeals a county court order dismissing an information against appellee and declaring section 316.1934, Florida Statutes (1985), unconstitutional. This court has jurisdiction pursuant to section 26.012, Florida Statutes (1985).
Appellee was charged with driving under the influence of alcohol pursuant to section 316.193(1), Florida Statutes (1985). He thereafter filed a motion to declare a portion of another statute, section 316.1934, invalid. He asserted that because section 316.1934(2)(c) provides that a blood alcohol level of 0.10 or more is prima facie evidence of impairment, it unconstitutionally shifts the burden of proof of one of the essential elements of section 316.193(l)(a) (the element of impairment) to the defendant. The county court granted the motion and dismissed the information. The court found that the state intended to offer ap-pellee’s blood alcohol reading at trial as proof of impairment, pursuant to section 316.1934. To do so, the court held, would create an unconstitutional mandatory re-buttable presumption.
On appeal, the state contends that appel-lee prematurely raised the constitutionality of section 316.1934 in a pretrial motion, because prior to actual application of the alleged burden-shifting statute at trial, there can be no constitutional violation. We agree.
In State v. Cauley, 213 So.2d 521 (Fla. 4th DCA 1968), the state appealed an order quashing an information charging the defendants with possession of moonshine whiskey. One of the reasons relied upon by the trial court for quashing the information was that prosecution under the applicable statute, with utilization of a presumption furnished by another subsection of that statute (which subsection provided a rebuttable presumption of illegal manufacture from proof that the liquor was what is commonly known as moonshine), without allegations of time and place of manufacture, would violate the Florida Constitution. This court held that any ruling on the constitutionality of the subsection providing for the presumption would be premature on a motion to <Iuash an information,
In the present case, as in Cauley, the constitutional issue was not ripe for review.
Accordingly, we reverse and remand for trial.
REVERSE and REMAND.
HERSEY, C.J., GUNTHER, J., and RIVKIND, LEONARD A., Associate Judge, concur.