686 So.2d 1370 (1997)
Jarvis ROBINSON, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. 95-2104.
District Court of Appeal of Florida, Fifth District.
January 3, 1997.
Rehearing Denied January 28, 1997.
*1371 James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant/Cross-Appellee.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee/Cross-Appellant.
PETERSON, Chief Judge.
Jarvis Robinson appeals his judgment of conviction for the felony of preventing or obstructing the extinguishment of fire.[1] He argues that because he was also found guilty of petit theft of the same smoke detectors in a single act, he has been deprived of his constitutional safeguards against double jeopardy. He further argues that the state failed to prove that he willfully and maliciously removed the detectors. The state, in its cross-appeal, challenges the trial court's finding that appellant was guilty of the lesser offense of petit theft, rather than grand theft as found by the jury.
The Plaza Condominiums have a centralized fire alarm system with an alert device that sounds when a problem arises. The president of the condominium association investigated the alarm one evening and found that ten smoke detectors were missing from the second floor. She reported the loss to the police who found them beneath the balcony of apartment 225. Although the testimony was disputed, one of the witnesses stated Robinson had admitted taking smoke detectors off the wall. The witness then saw Robinson and another man throw the smoke detectors off the balcony of apartment 225.
Two witnesses testified as to the value of the smoke detectors that were removed. One of them testified that the retail price of a single detector ranges from $50 to $75 and installation would cost $55 per unit plus a trip charge of $25 for the installer. He did not know the type of detectors that had been removed. The other witness, the president of the condominium association, simply testified that the alarms were replaced at a cost of $787.50.

DOUBLE JEOPARDY
Under the double jeopardy principle set forth in Blockburger,[2] an accused may *1372 be convicted of more than one crime committed in a single episode if each crime requires proof of an additional element not required by the other. The crime of theft requires either depriving the owner of his property or appropriating the property of another for one's own use. § 812.014, Fla. Stat. (1995). The crime of preventing or obstructing extinguishment of fire, the other offense appellant was charged with, does not require that fire prevention equipment either be taken from the owner or appropriated by the person committing this crime. Rather, all that must be proven is that the person willfully and maliciously injured, destroyed or removed equipment used in detecting a fire. By simply disengaging the smoke detectors in a willful and malicious manner, appellant committed this latter crime. Likewise, this latter crime is not subsumed by the criminal theft because theft does not require a willful and malicious intent to injure, destroy or remove property.

WILLFUL AND MALICIOUS REQUIREMENT OF SECTION 806.10(1)
Appellant also argues that his conviction under subsection 806.10(1), Florida Statutes (1995), cannot be sustained because the state did not prove that he "willfully and maliciously" disturbed or damaged the smoke detectors. We have not found a decision construing these terms as used in this statute.
Chapter 806 contains legislatively-enacted statutes derived from the common law offense of malicious mischief. There exist decisions which have construed statutes springing from the common law offense of malicious mischief. See generally 4 Charles E. Torcia, Wharton's Criminal Law § 485-90 (14th ed.1981). The mental state required for the crime of malicious mischief is, as indicated by its common law name, that of malice. One way of viewing malice is to require that the state show the defendant purposely set out to harm the owner of the property. See Parker v. State, 124 Fla. 780, 169 So. 411 (Fla.1936) (Davis, J., dissenting) (a conviction for willfully and maliciously maiming or disfiguring an animal cannot be sustained absent a showing of some express malice toward the animal or its owner); J.R.S. v. State, 569 So.2d 1323 (Fla. 1st DCA 1990) (in construing the criminal mischief statute, the court described malice as actual ill will or resentment toward owners of allegedly damaged property). Alternatively, and more commonly, malice is viewed as not necessarily requiring that a defendant harbor ill will toward the owner. It is enough that the defendant, in injuring or destroying the property, acted intentionally or recklessly and without justification or excuse. See Parker v. State, 124 Fla. 780, 169 So. 411 (Fla.1936); Williams v. State, 92 Fla. 648, 109 So. 805 (Fla.1926) (in construing statute prohibiting willful and malicious injury of the property of another, court opined that "willful" simply meant intentional, and "malicious" meant nothing more than that the wrongful act should be done voluntarily, unlawfully, and without excuse or justification). Black's Law Dictionary similarly defines a "willful and malicious injury" as an injury that does not necessarily involve hatred or ill will, as a state of mind, but one that arises from an intentional wrong committed without just cause or excuse. It may involve merely an act which is against good morals and wrongful in and of itself, and which necessarily causes injury and is done intentionally. Black's Law Dictionary 1434 (5th ed.1979). We find that the terms "willfully and maliciously" as used in subsection 806.10(1), Florida Statutes (1995), do not mean that a defendant must harbor actual ill will toward the owner of the property, but rather, that a defendant acted intentionally and without justification or excuse. We also find the record in the instant case amply supports the jury's determination that the appellant, in ripping smoke detectors from the walls of his condominium complex and throwing them off his balcony, intentionally destroyed or removed fire safety equipment without justification or excuse.

REDUCTION OF GRAND THEFT TO PETIT THEFT
It is well settled that proof of the element of value is essential to a conviction *1373 for grand theft and must be established by the state beyond a reasonable doubt. Negron v. State, 306 So.2d 104 (Fla.1974); M.H. v. State, 614 So.2d 657 (Fla. 2d DCA 1993); Cofield v. State, 474 So.2d 849 (Fla. 1st DCA 1985). Section 812.012(9)(a)(1), Florida Statutes (1995), states:
Value means the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense.
The state, in its attempt to prove the value of the items destroyed, presented the testimony of a sales manager for a detection system company and the president of the appellant's condominium association. The sales manager testified that "the typical smoke detector head varies, depending on its capabilities, from $50 retail to $70, $75 dollars retail...." The sales manager, however, did not know the age or type of the smoke detectors removed from the walls and did not have any opinion as to their value. The condominium association president testified that the total amount expended for replacement of the ten smoke detectors was $787.50.
The record does not reflect that the state made any effort of showing that it could not "satisfactorily ascertain" the market value of the smoke detectors removed from the walls. This step was necessary to justify the value of the loss being ascertained by the cost of replacement of the property. The state failed to carry its burden of proof as to the value element under a grand theft charge. Accordingly, the trial court's finding that the state failed to prove the market value of the smoke detectors beyond a reasonable doubt, as well as its decision to adjudicate appellant guilty of the lesser offense of petit theft, is affirmed.
Appellant's convictions and sentences are affirmed.
AFFIRMED.
THOMPSON and ANTOON, JJ., concur.
NOTES
[1] Section 806.10, Florida Statutes (1995) provides:

806.10. Preventing or obstructing extinguishment of fire
(1) Any person who willfully and maliciously injures, destroys, removes, or in any manner interferes with the use of, any vehicles, tools, equipment, water supplies, hydrants, towers, buildings, communication facilities, or other instruments of facilities used in the detection, reporting, suppression, or extinguishment of fire shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(2) Any person who willfully or reasonably interferes with, hinders, or assaults, or attempts to interfere with or hinder, any firefighter in the performance of his duty shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.803, or s. 775.084.
[2] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).