GOSHORN, Judge.
Appellant led law enforcement officers on a high speed chase through two counties. As a result, he was charged and pled in Marion County with a violation of subsection 316.1935(3), Florida Statutes (1995). Subsequently, as a result of the same chase, he was charged and convicted by a jury in Citrus County with violating subsection 316.1935(2), Florida Statutes (1995).
On appeal, he contends that his motion to dismiss the Citrus County charge should have been granted on the ground of former jeopardy since both charges arose out of a single continuing incident.
We disagree with Appellant and affirm on the basis of Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); see also Gaber v. State, 684 So.2d 189 (Fla.1996); Boler v. State, 678 So.2d 319 (Fla.1996); State v. Johnson, 676 So.2d 408 (Fla.1996); and Robinson v. State, 686 So.2d 1370 (Fla. 5th DCA), rev. denied, 695 So.2d 701 (Fla.1997). Each of the two offenses in this case clearly contains an element that the other does not. Subsection two requires the offender to cause the law enforcement officer to engage in a high-speed pursuit and subsection three requires that as a result of the fleeing, the offender causes injury to another person or damage to another’s property.
AFFIRMED.
*301 PETERSON, J., concurs.
HARRIS, J., dissents, with opinion.