PER CURIAM.
J.R. appeals his conviction of grand theft of the third-degree alleging that the State failed to prove the element of value. More specifically, that the monetary value of the products removed from a vending machine that J.R. stole from equaled or exceeded $300.00, the threshold amount for the crime of grand theft.
The State presented the testimony of the owner of the vending machine in an attempt to prove the value of the items removed from the vending machine. The owner testified that “normally we do three hundred dollars a week at that account.” He further testified that a shelf of candy bars and a shelf of pastries were missing with a value of $70 or $80 per shelf. He then testified as to the number of shelves contained in the machine, but did not indicate that all products had been taken from the machine. Thus, the owner’s testimony was lacking in that it failed to establish the number of products removed from the vending machine, much less the monetary value of those products. See, e.g., Negron v. State, 306 So.2d 104 (Fla.1974); Robinson v. State, 686 So.2d 1370, 1372-73 (Fla. 5th DCA 1997)(“It is well settled that proof of the element of value is essential to a conviction for grand theft and must be established by the state beyond a reasonable doubt.”) Accordingly, we vacate the conviction for grand theft and remand for re-sentencing of the conviction to second-degree petit theft pursuant to section 812.014(3)(a), Florida Statutes (2001).
We affirm the remaining convictions finding no merit in J.R.’s argument that his other convictions for criminal mischief pursuant to section 806.13, Florida Statutes, and malicious damage to a vending machine pursuant to section 877.08(2), Florida Statutes (2001), constitute a double jeopardy violation.
AFFIRMED IN PART; CONVICTION VACATED IN PART; REMANDED.
THOMPSON, C.J., PETERSON and SAWAYA, JJ., concur.